PRESENT: All the Justices

GEORGE DANIEL PALMER

v.  Record No. 040928  OPINION BY JUSTICE BARBARA MILANO KEENAN
                                  March 3, 2005
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, the defendant challenges his two convictions for possession of a firearm when under the age of 29 and after having been convicted of a delinquent act as a juvenile that would have been a felony if committed by an adult. Code § 18.2-308.2. The issue before us is whether the evidence was sufficient to prove an element of the offense, namely, the defendant's conviction as a juvenile of a delinquent act felonious in nature.

George Daniel Palmer was indicted by a grand jury on charges including malicious wounding, in violation of Code § 18.2-51, use of a firearm in the commission of malicious wounding, in violation of Code § 18.2-53.1, and shooting at an occupied dwelling, in violation of Code § 18.2-279. He also was indicted on two charges of possession of a firearm when he was under the age of 29, after having been convicted of a delinquent act that would have been a felony if committed by an adult, in violation of Code § 18.2-308.2. In a bench trial, the Circuit Court of Halifax County found Palmer guilty of all the above

charges. The circuit court sentenced Palmer to concurrent sentences of five years' imprisonment for the two firearm possession convictions under Code § 18.2-308.2.[1]

Palmer filed a petition for appeal to the Court of Appeals challenging, among other things, the circuit court's determination that he earlier was convicted of a delinquent act felonious in nature.[2] The Court of Appeals refused Palmer's petition. We awarded Palmer an appeal limited to this issue.

The evidence presented by the Commonwealth purporting to prove that Palmer previously was convicted of a delinquent act felonious in nature consisted of four petitions and accompanying disposition orders from the Halifax County Juvenile and Domestic Relations District Court (the juvenile and domestic relations district court). Two of the petitions alleged that Palmer committed the delinquent act of grand larceny, in violation of Code § 18.2-95. The other two petitions alleged that Palmer committed the delinquent act of burglary with the intent to commit larceny, in violation of Code § 18.2-91.

The juvenile and domestic relations district court records do not contain any orders providing an adjudication of the four charges. However, the "disposition order" entered for each

_____

[1] Palmer does not appeal his other convictions.

charge ordered Palmer: (1) to pay restitution to the victim in an amount to be determined; and (2) to be committed to jail for 12 months, six months of which were suspended subject to two years of good behavior. The juvenile and domestic relations district court set the jail sentences to run concurrently. Palmer was 18 years old when he was sentenced for these delinquent acts.

Palmer objected in his circuit court trial to the admission of the juvenile and domestic relations district court petitions and disposition orders. He also made a motion to strike the evidence at the end of the Commonwealth's case and at the conclusion of all the evidence. He argued that these court records did not establish a prior conviction of a delinquent act felonious in nature. The circuit court denied Palmer's motions to strike and found him guilty of the charges of possession of a firearm in violation of Code § 18.2-308.2.

In explaining its decision, the circuit court acknowledged that the form used by the juvenile and domestic relations district court "is not good," but found that there was "no question" that Palmer had been convicted of the delinquent acts as charged. The court reasoned that Palmer could only have been

[2] Palmer's first petition for appeal to the Court of Appeals was dismissed for failure to file a transcript. He was awarded a belated appeal to the Court of Appeals pursuant to a petition for a writ of habeas corpus.

committed to jail for the time period set forth in the court documents if he had been convicted of delinquent acts that would have been a felony if committed by an adult.

On appeal to this Court, Palmer argues that the circuit court erred in concluding that the Commonwealth proved beyond a reasonable doubt that he had been convicted as a juvenile of a delinquent act felonious in nature. He asserts that the juvenile and domestic relations district court records are insufficient to establish this element of the present offenses because the records do not show that he was convicted of any particular delinquent act. Palmer contends that because he was 18 years old when he was sentenced by the juvenile and domestic relations district court, he could have received the stated jail sentences for delinquent acts that would have been misdemeanor offenses if committed by an adult.

In response, the Commonwealth argues that the juvenile and domestic relations district court records "contain a 'verdict' of sorts, in that the court did not dismiss the case" and the disposition orders reflect concurrent jail sentences of 12 months. The Commonwealth further maintains that there are no lesser-included offenses of the crime of statutory burglary and, therefore, that the juvenile and domestic relations district court must have convicted Palmer of the delinquent acts charged

4

in the burglary petitions.  We disagree with the Commonwealth's arguments.

When the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt.  See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979); McBride v. Commonwealth, 24 Va. App. 30, 33, 480 S.E.2d 126, 127 (1997); Essex v. Commonwealth, 18 Va. App. 168, 171-72, 442 S.E.2d 707, 709-10 (1994).  As provided by statute, a judgment order must reflect, among other things, the plea of the defendant, the verdict or findings of the fact finder, and the adjudication and sentence of the court.  Code § 19.2-307.  The mere notation of a sentence, although suggestive of a conviction, does not establish the fact or nature of any conviction.  See McBride, 24 Va. App. at 35, 480 S.E.2d at 128; Bellinger v. Commonwealth, 23 Va. App. 471, 475, 477 S.E.2d 779, 780-81 (1996).

A court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted.  Thus, when the Commonwealth seeks to prove a prior conviction as an element of a crime by presenting an order entered in that prior case, the order must show that a judgment of conviction was entered in adjudication of the charge.  See Smith v.

5

Commonwealth, 134 Va. 589, 598, 113 S.E. 707, 710 (1922); Bellinger, 23 Va. App. at 474-75, 477 S.E.2d at 780-81; cf. Ramdass v. Commonwealth, 248 Va. 518, 520-21, 450 S.E.2d 360, 361 (1994) (verdict on which judgment was not entered is not a conviction for purpose of parole eligibility).

The rationale underlying these principles is plain. First, a court's orders are presumed to accurately reflect what actually transpired and nothing more. McMillion v. Dryvit Sys., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); Waterfront Marine Constr. v. North End 49ers, 251 Va. 417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996); Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979); McBride, 24 Va. App. at 35, 480 S.E.2d at 128. Second, as a practical matter, a defendant charged with felonious conduct may be convicted of a lesser-included offense, or the original charge may be reduced upon the defendant's agreement to plead guilty to the reduced charge.

Applying these principles and observations to the present case, we conclude that the juvenile and domestic relations district court records do not establish the fact or nature of Palmer's adjudication. For example, we do not know if Palmer agreed to plead guilty to four offenses that would have been

6

misdemeanors, rather than felonies, if committed by an adult.[3] Palmer was 18 years old at the time he was sentenced and, thus, the juvenile and domestic relations district court was permitted to sentence him to jail for delinquent acts that would have been a misdemeanor if committed by an adult for a period not to exceed 12 months for a single offense or multiple offenses. See Code § 16.1-284. As stated above, the record shows that Palmer received four concurrent jail sentences of 12 months, with six months of each sentence suspended, sentences within the limits allowed by Code § 16.1-284.

Because we are unable to determine the nature of the delinquent acts for which Palmer was sentenced by the juvenile and domestic relations district court, we hold that the Commonwealth did not present sufficient evidence in the circuit court to establish that Palmer previously had been convicted of a delinquent act that would have been a felony if committed by an adult. Accordingly, the evidence is insufficient to support his convictions in the circuit court for possession of a firearm in violation of Code § 18.2-308.2.

For these reasons, we will reverse the Court of Appeals' judgment with respect to both charges under Code § 18.2-308.2

---

[3] Because Palmer could have agreed to plead guilty to four delinquent acts that would have been misdemeanors if committed by an adult, we need not discuss whether there were lesser-

and enter final judgment dismissing Counts IV and V of the indictment.

<u>Reversed and final judgment.</u>

---

included offenses of the charged acts for which he could have been found guilty.