Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Carrico, S.J.

ROBERT OVERBEY, III

OPINION BY
v.  Record No. 050478          SENIOR JUSTICE HARRY L. CARRICO
                                January 13, 2006
COMMONWEALTH OF VIRGINA

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal involves the indictment and conviction of the defendant, Robert Overbey, III, on a charge of possession of a firearm by a convicted felon.  Code § 18.2-308.2.  The controlling question for decision is whether the Commonwealth proved the defendant had been previously convicted of a felony as required by subsection (A)(i) of that statute.  Finding that the Commonwealth failed to prove this necessary element of the crime, we will reverse.

At the defendant's trial on the weapons charge, the Commonwealth introduced into evidence a copy of a petition filed on October 24, 1996, in the Juvenile and Domestic Relations District Court of the City of Hampton (the juvenile court).  Attached to the petition in the record are two pages of notes relating to the proceedings in the juvenile court.  These papers show that the defendant, then 17 years of age, was charged with two offenses, the felony of burglary with the intent to commit larceny and the misdemeanor of petit larceny arising out of the same incident.  The signature of the judge of the juvenile court appears after each day's entry on the notes.  At the

top of each page, both the burglary and the larceny charges are listed, with the respective case number of each charge.

An entry in the notes for February 20, 1997, states that the defendant is "now 18 yrs of age & atty is prepared to proceed w/o a parent being present," that "[p]lea [of] guilty [and] stip[ulated] evid[ence] suff[icient] to convict," and that "[b]ased on the plea of guilty, stip[ulation] & summary of evid[ence], Ct finds def guilty and refer for PO report."  After the probation officer's report was received, the defendant was sentenced pursuant to Code § 16.1-284 to 12 months in jail, suspended for two years on condition that he "be of good behavior & complete 50 hours in the CDI program."

At his trial on the weapons charge, the defendant did not object to the introduction of the juvenile court petition and the attached notes.  He did, however, strenuously argue that the "notes are ambiguous" and insufficient to show he had been previously convicted of a felony.

He makes the same argument here.  He points out that the paperwork submitted by the Commonwealth made reference to two charges, one for the felony of burglary and the other for the misdemeanor of petit larceny, and the notes listed both charges and recited the case number for each.  The defendant states that the notes show he entered a plea of guilty and stipulated the evidence, but the plea was in the singular and the notes failed to specify to what offense he pled guilty or what evidence he stipulated.  The

defendant says he "may have pled guilty to the burglary, or he may have pled guilty to the petty larceny, or conceivably he may have pled guilty to both offenses."  The defendant concludes that "[i]t is impossible to say with certainty to what [he] pled guilty" or of what offense he was convicted.

Responding, the Commonwealth says it is clear the defendant was charged with the felony of burglary in the juvenile petition and "it is just as clear that the court accepted a guilty plea to both the burglary charge and the petit larceny charge based on the handwritten pages," and nothing suggests "the court proceeded on anything other than both the original charges."  Continuing, the Commonwealth states that "[a]lthough the notes reflect that the defendant was found guilty 'based on the plea of guilty,' rather than '<u>pleas</u> of guilty,' the use of the singular noun in no way suggests that one charge was dismissed or nolle prossed."  Furthermore, says the Commonwealth, "the fact that there is one sentence in no way suggests that the defendant was only convicted of one crime" since "it is clear from the language of Code §16.1-284 that the juvenile court was well within its province to sentence the defendant to twelve months in jail, suspended, for <u>both</u> the burglary and the petit larceny."[1]

---

[1] Code § 16.1-284 provides that "[w]hen the juvenile court sentences an adult who has committed, before attaining the age of eighteen, an offense which would be a crime if committed by an adult, the court may impose penalties which are authorized to be imposed on adults for such violations, not to exceed the punishment for a Class 1 misdemeanor for a single offense or multiple offenses."  The

We agree with the defendant that the language of the notes is ambiguous. "Language is ambiguous when it may be understood in more than one way, or simultaneously refers to two or more things. If the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness, an ambiguity exists." Supinger v. Stakes, 255 Va. 198, 205, 495 S.E.2d 813, 817 (1998) (citation and inner quotation marks omitted). Furthermore, "[w]hen the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt," and "[a] court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted." Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005).

Here, the notes of the juvenile court judge simultaneously refer to two or more things, i.e., burglary and petit larceny, and the language can be understood to mean that the defendant pled guilty to burglary alone, or that he pled guilty to petit larceny alone, or that he pled guilty to both offenses. Hence, the language of the notes is of doubtful import and is lacking in clearness and definiteness. In these circumstances, the trial court had to engage in pure conjecture or surmise to determine, as the Commonwealth contends, that the defendant pled guilty to both burglary and petit

---

punishment for a Class 1 misdemeanor, as prescribed by Code § 18.2-11(a), is confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both.

larceny.  The trial court thus erred in concluding the Commonwealth proved the necessary element of a prior felony conviction.

Because the Commonwealth failed to prove that the defendant had been previously convicted of a felony, we will reverse the judgment of the trial court and enter final judgment here dismissing the defendant's indictment for possession of a firearm by a convicted felon.[2]

<u>Reversed and final judgment</u>.

---

[2] In view of this disposition, we need not consider the defendant's additional claim that the "document from the juvenile court was [not] in fact an order of conviction."