COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Felton


ANTONIO JOHNSON, S/K/A
  ANTONIO HOWARD LEON JOHNSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0775-05-1                      JUDGE WALTER S. FELTON, JR.
                                                        MARCH 14, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          Edward L. Hubbard, Judge

            (David B. Olson; Cope, Olson & McKinnon, P.L.C., on brief), for
            appellant.  Appellant submitting on brief.

            (Judith W. Jagdmann, Attorney General; Josephine F. Whalen,
            Assistant Attorney General, on brief), for appellee.  Appellee
            submitting on brief.


        Antonio Johnson ("appellant") was convicted of possessing a firearm while under the age of

29, after having been convicted of a delinquent act that would have been a felony if committed by

an adult, in violation of Code § 18.2-308.2.[1]  On appeal, appellant contends the certified copy of an

order entered by the Newport News Juvenile and Domestic Relations District Court ("juvenile

court") was insufficient to prove beyond a reasonable doubt that he previously had been convicted

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-308.2(A) provides in part,

            It shall be unlawful for . . . any person under the age of 29 who
            was adjudicated delinquent as a juvenile 14 years of age or older at
            the time of the offense of a delinquent act which would be a felony
            if committed by an adult . . . to knowingly and intentionally
            possess or transport any firearm.

of a delinquent act that would have been a felony if committed by an adult. For the following reasons, we reverse appellant's conviction.

BACKGROUND

When the sufficiency of the evidence to sustain a criminal conviction is challenged on appeal, we "view the evidence in the light most favorable to the Commonwealth, the party prevailing below, and grant all reasonable inferences fairly deducible therefrom." Clifton v. Commonwealth, 22 Va. App. 178, 180, 468 S.E.2d 155, 156 (1996) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). So viewed, the record shows that on July 22, 2004, Hampton police officers executed a search warrant at appellant's Newport News residence. The officers found a .38 caliber revolver inside a trashcan located in appellant's bedroom. Four days later, appellant turned himself in to the police. After receiving Miranda warnings, appellant spontaneously stated, "I had the gun and the vest that you found in my room for protection because someone is trying to kill me."

The trial court denied appellant's motion to suppress the statement. At the bench trial immediately following the suppression hearing, the Commonwealth introduced a certified copy of an order from the juvenile court as proof of appellant's prior conviction of a delinquent act that would have been a felony if committed by an adult. The order shows that appellant was charged at age 15 with grand larceny and petit larceny. It also contains several handwritten notations under "Actions and Orders." A notation on December 12, 2001, states, "Present: Defendant, M[other], F[ather], Atty, CWA --- STIP, WAIVR --- FOUND GUILTY."

Attached to the order is a record of appellant's disposition hearing. Although the form contains pre-printed boxes for the juvenile court to check to indicate whether the case being considered is a felony or a misdemeanor, the boxes on the form presented to the trial court were left blank. The disposition section on the form also contains several handwritten notations reflecting the

- 2 -

juvenile court's order, showing, "Release from O/R; Supervised Probation; Sub Ab Assessment & follow all recommendations; 40 hrs CWAP."

At the conclusion of all of the evidence, appellant moved to strike, arguing that the juvenile court order did not establish his prior conviction of a delinquent act that would have been a felony if committed by an adult because the record was ambiguous as to which offense he was found guilty. The trial court denied the motion to strike, stating that the juvenile court's notes "speaks to the entire list of charges," and "couldn't refer to anything other than the two charges with which he was charged, grand larceny and petit larceny."

## ANALYSIS

"When the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005) (citations omitted). A judgment order is sufficient proof of a prior conviction so long as it complies with the mandates of Code § 19.2-307. See Bellinger v. Commonwealth, 23 Va. App. 471, 477 S.E.2d 779 (1996) (holding failure to note the presence or absence of the accused, his plea, the presence of counsel, the disposition of the charge, and the sentence imposed upon a finding of guilt in the pre-printed spaces on a form fail to satisfy the requirements of Code § 19.2-307 and is insufficient to establish prior conviction). Code § 19.2-307 requires a judgment order to "reflect, among other things, the plea of the defendant, the verdict or findings of the fact finder, and the adjudication and sentence of the court." Palmer, 269 Va. at 207, 609 S.E.2d at 310 (citing Code § 19.2-307).

"The mere fact that the pre-printed" felony and misdemeanor "boxes on a juvenile [disposition] form were not clearly marked is not determinative of the issue [of whether a judgment of conviction was entered in adjudication of a specific charge] as long as the Commonwealth produces other competent evidence" of the conviction. Griswold v. Commonwealth, 19 Va. App.

477, 483, 453 S.E.2d 287, 290, <u>rev'd on other grounds</u>, 21 Va. App. 22, 25, 461 S.E.2d 411, 412 (1995) (en banc), <u>rev'd on other grounds</u>, 252 Va. 113, 472 S.E.2d 789 (1996).

The Commonwealth argues the handwritten notation on the first page of appellant's juvenile record, stating that appellant was "found guilty," was sufficient to establish appellant's prior adjudication of a delinquent act that would have been a felony if committed by an adult. It contends that it is only when additional language is inserted into the phrase, such as "found guilty in part and innocent in part," that the phrase appears ambiguous and is subject to speculative interpretation. We disagree.

"'Language is ambiguous when it may be understood in more than one way, or simultaneously refers to two or more things. If the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness, an ambiguity exists.'" <u>Overbey v. Commonwealth</u>, 271 Va. 231, 234, 623 S.E.2d 904, 905 (2006) (quoting <u>Supinger v. Stakes</u>, 255 Va. 198, 205, 495 S.E.2d 813, 817 (1998)).

In <u>Overbey</u>, the defendant was convicted of violating Code § 18.2-308.2. There, the Supreme Court found that the handwritten notes by a juvenile court on a court form listing the charges of burglary and petit larceny at the top of the page, followed by the statement that the defendant submitted a "[p]lea [of] guilty [and] stip[ulated] evid[ence] to convict," <u>id.</u> at 233, 623 S.E.2d at 905, were ambiguous; and therefore, insufficient to prove the necessary element of a prior felony conviction. The Court reasoned that the "language c[ould] be understood to mean that the defendant . . . pled guilty to petit larceny alone, or that he pled guilty to both offenses." <u>Id.</u> at 234, 623 S.E.2d at 905-06. This ambiguity forced the trial court to "engage in pure conjecture or surmise to determine . . . that the defendant pled guilty to both burglary and petit larceny." <u>Id.</u> at 234, 623 S.E.2d at 906.

Here, like the handwritten notes on the court form in <u>Overbey</u>, the phrase "found guilty" simultaneously refers to two or more things. For example, appellant could have been found guilty of both grand larceny and petit larceny, or found guilty of grand larceny and not guilty of petit larceny, or guilty of petit larceny and not guilty of grand larceny. Moreover, the handwritten notation "found guilty" viewed in conjunction with the blank felony and misdemeanor boxes of the disposition order, and the juvenile record's silence regarding the facts stipulated and the waiver, further illustrate the handwritten notation's lack of clearness and definitiveness.

From the juvenile conviction record presented to it, the trial court would, at best, be required to guess as to whether appellant was found guilty by the juvenile court of grand larceny. "'A court[, however,] may not engage in conjecture or surmise in determining the offense for which a defendant was convicted.'" <u>Id.</u> at 234, 623 S.E.2d at 905 (quoting <u>Palmer</u>, 269 Va. at 207, 609 S.E.2d at 310). Accordingly, we conclude that the trial court erred in finding that the juvenile record presented to it complied with the requirements of Code § 19.2-307 and was sufficient to establish the essential element of the charged offense, that appellant had been previously convicted of a delinquent act which would have been a felony if committed by an adult, beyond a reasonable doubt. Because the Commonwealth failed to prove a necessary element of the charged offense, we reverse the judgment of the trial court and dismiss the charge.

<u>Reversed and dismissed.</u>