COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


LESLIE TAFE HACKEMEYER
                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 0154-06-1                        JUDGE JERE M.H. WILLIS, JR.
                                                            OCTOBER 10, 2006
JOHN HACKEMEYER


            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
                            COUNTY OF JAMES CITY
                         Samuel T. Powell, III, Judge

            Kristen D. Hofheimer (Charles R. Hofheimer; Hofheimer/Ferrebee,
            P.C., on brief), for appellant.

            Breckenridge Ingles (Martin, Ingles & Ingles, Ltd., on brief), for
            appellee.


        Leslie Tafe Hackemeyer (wife) appeals the trial court's dismissal of its rule requiring John

Hackemeyer (husband) to show cause why he should not be held in contempt of court for failing to

make mortgage payments pursuant to a *pendente lite* court order. Wife further contends the trial

court erred by refusing to order husband to pay her $63,996.24 in arrears for the mortgage

payments. Finding no error, we affirm the judgment of the trial court.

        Each party seeks an award of counsel fees and costs for the prosecution of this appeal. We

deny both requests.

                                           Facts

        The parties were married in 1992, had two children, and separated in October 2000. Wife

requested an award of temporary and permanent spousal support. On August 23, 2001, the trial

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court entered a *pendente lite* order that contained the following provision: " 3. [Husband] shall continue to provide the financial assistance he has been to [wife], i.e. payment of the first mortgage payment and second mortgage payment for the home she occupies, . . . and payment of $1,500.00 per month combined spousal and child support until further order of this [c]ourt." This order was endorsed by both parties: "We ask for this."

On July 12, 2002, the trial court entered the final decree of divorce and equitable distribution. The final decree determined the value of each party's interest in the marital residence and afforded wife the opportunity to refinance the loan on the residence and purchase husband's interest provided she completed the purchase no later than June 14, 2002. The final decree reserved several issues, including equitable distribution and spousal support.

On August 16, 2002, the trial court entered a decree of reference, referring the case to a commissioner in chancery for hearing and recommendation on the reserved issues. On September 3, 2004, after the commissioner's hearing, the trial court entered an order suspending all support payments from husband to wife, effective June 30, 2004.

The parties stipulated that wife refinanced the marital residence in June 2002 and that husband stopped making the mortgage payments subsequent to June 2002. On May 6, 2005, on wife's motion, the trial court issued a rule requiring husband to show cause why he should not be held in contempt of court for failing to pay the mortgage payments for the marital residence from June 2002 until his support obligation was terminated on June 30, 2004. Wife alleged husband owed her $63,996.24 for the unpaid mortgage payments.

Husband argued that when wife refinanced the mortgages and purchased his interest in the house, his obligation to make the mortgage payments ceased under the terms of the August 23, 2001 order. He further argued that wife's failure to raise this issue until several years after he stopped making the mortgage payments and her failure to provide him with payment information

concerning the new mortgage, demonstrated that she understood that his obligation to pay the mortgages ceased when she refinanced.

Wife argued that the provision of the August 23, 2001 order required husband to make the mortgage payments on the house until husband's support payments were terminated on June 30, 2004, regardless of the fact that she refinanced the mortgages.

The trial court reviewed the language of the August 23, 2001 order and found that the order referred to two specific mortgages. The court dismissed wife's rule to show cause, holding:

> [I]f the mortgage payments were going to continue, it should have been brought to the [c]ourt['s] attention. As [counsel for husband] said, it could have been refinanced as a $500,000 loan, a $200,000 loan or a $50,000 loan. And I think it was appropriate after it was refinanced to come back to the [c]ourt and say, "This is what I need now."

Wife appeals this holding.

Analysis

I.

"On appeal, the judgment of the trial court is presumed correct. The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991).

> "It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders." Additionally, "trial courts have the authority to interpret their own orders." "Furthermore, when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court."

Albert v. Albert, 38 Va. App. 284, 297-98, 563 S.E.2d 389, 396 (2002) (citations omitted). "Although trial courts have discretion to interpret their own orders, that discretion must be exercised reasonably and not arbitrarily or capriciously." Smoot v. Commonwealth, 37 Va. App. 495, 500,

559 S.E.2d 409, 412 (2002) (citing Rusty's Welding Serv. v. Gibson, 29 Va. App. 119, 130, 510 S.E.2d 255, 261 (1999)).

Wife argues that because the parties endorsed the order " We ask for this," its provisions became a contract between the parties, which should be construed by us *de novo*. We disagree. The order expressly provided that its requirements continued "until further order of this [c]ourt," thus retaining those issues for further adjudication. Notwithstanding the parties' acquiescence, it was an order subject to construction by the trial court in the exercise of sound discretion. See Baldwin v. Baldwin, 44 Va. App. 93, 98-99, 603 S.E.2d 172, 174 (2004).

"'Language is ambiguous when it may be understood in more than one way, or simultaneously refers to two or more things. If the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness, an ambiguity exists.'" Overbey v. Commonwealth, 271 Va. 231, 234, 623 S.E.2d 904, 905 (2006) (quoting Supinger v. Stakes, 255 Va. 198, 205, 495 S.E.2d 813, 817 (1998)).

The language of the August 23, 2001 order was unambiguous. It required husband to pay the "first mortgage payment and second mortgage payment for the home." These were specific obligations, which were extinguished and ceased to exist upon wife's refinancing of the first and second mortgages.[1] The August 23, 2001 order imposed no replacement obligation on husband once the first and second mortgages were satisfied. Based on this record, we cannot say the trial court abused its discretion in its interpretation of its own order.

---

[1] Wife argues husband's obligation to pay the mortgage on the house continued after the refinancing because the August 23, 2001 order stated husband was to make the payments "until further order of this [c]ourt." However, because the first and second mortgages specified in the August 23, 2001 order no longer existed after wife refinanced, no further order was required and that provision became superfluous.

II.

Wife argues in her second question presented that the trial court erred by failing to order husband to pay her $63,996.24 for the mortgage payments she made from June 2002 through June 30, 2004. However, she cites no authority for this argument and has, therefore, waived the argument on appeal. Rule 5A:20 requires appellants to brief the "principles of law, the argument, and the authorities relating to each question presented." Questions "unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore, we have upheld the trial court's finding that husband was not obligated under the new mortgage.

III.

Husband and wife both seek attorneys' fees and costs incurred in this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the entire record in this case, we hold that neither party is entitled to an award of costs or attorneys' fees.

Accordingly, we affirm the judgment of the trial court and deny each party's request for an allowance of counsel fees and costs.

Affirmed.