Justice KOONTZ, dissenting.
 

 I respectfully dissent. In this case, the Commonwealth had the burden to prove beyond a reasonable doubt that Samuel Alvaro Perez was previously convicted for an offense that would be a felony if committed by an adult in order to convict him of possession of a firearm after having been convicted of a felony.
 
 See Overbey v. Commonwealth,
 

 271 Va. 231
 
 , 234,
 
 623 S.E.2d 904
 
 , 905 (2006). In this context, proof beyond a reasonable doubt of this element of the charged offense is entirely inconsistent with the application of conjecture or surmise to determine the sufficiency of the Commonwealth's evidence to meet its burden of proof.
 
 See Palmer v. Commonwealth,
 

 269 Va. 203
 
 , 207,
 
 609 S.E.2d 308
 
 , 310 (2005). In my view, even when the Commonwealth's evidence in support of Perez's alleged prior felony convictions is considered in the light most favorable to the Commonwealth, that evidence is insufficient as a matter of law to support the judgment of the trial court and the judgment of the Court of Appeals affirming that judgment. Code § 8.01-680.
 

 Initially, it is to be noted that there is no "Woodbridge Juvenile and Domestic Relations District Court" and there was no such court on June 4, 2001, when the two petitions charging Perez with burglary and grand larceny were purportedly filed in that "court." Perhaps these petitions were actually filed in the Prince William County Juvenile and Domestic Relations District Court. Conjecture, surmise, and the apparent
 agreement by the parties noted by the majority would support that conclusion even though the record evidence before the trial court does not. Perhaps, however, this glaring error was discovered by the appropriate court and the petitions were dismissed. In any event, there is no adjudicatory order regarding those petitions entered by either the "Woodbridge" court or the Prince William County court in the record. Perhaps such an order was entered; perhaps it was not.
 

 Nevertheless, without an evidentiary basis, the Commonwealth presented what purports to be a
 
 dispositional order
 
 entered on some unknown date, because it is not dated, by the Fairfax County Juvenile and Domestic Relations District Court. There is no explanation in the record of the evidence before the trial court for the jurisdiction of this juvenile court in this matter. Assuming that Perez resided in Fairfax County at the time, Code § 16.1-243(B)(1) would have permitted the transfer of the case to the Fairfax County court "only after adjudication in [the] delinquency proceedings."
 

 Moreover, this purported order does not reflect the basis upon which the Fairfax County court found that "[Perez] has been found guilty of 2 counts - B & E + larceny." As previously noted, there is no adjudicatory order in the record entered by any juvenile court. Perhaps the "Woodbridge" court or the Prince William County court made such an adjudication. Clearly the defective petitions are not self-executing adjudications of guilt. Perhaps the Fairfax County court upon reflection recognized the defect in the petitions and did not date the dispositional order so that it would not be effective until the matter was considered further and resolved. Without conjecture or surmise, all that can be reasonably gleaned from the Commonwealth's evidence is that the petitions and the dispositional order pertain to felonies alleged to have been committed by Perez prior to his possession of a firearm on September 14, 2004. That evidence, however, falls far short of proof beyond a reasonable doubt that Perez was actually convicted of those felonies.
 

 The majority does not reach the issue whether an undated order is a valid order, and as far as I can determine we have not previously addressed that issue in prior decisions. Because the absence of a date on the pertinent order in this case may have been intentional for a number of reasons and, thus, not intended to be a final order, I need not address the issue in detail here. Suffice it to say, that in my view an undated order is not a valid order because such an order leaves to conjecture and surmise when, if at all, it is intended to be effective.
 

 For these reasons, I would hold that the judgment of the Circuit Court of Stafford County was in error as a matter of law and, accordingly, I would reverse the judgment of the Court of Appeals affirming that judgment.