COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


WILLIAM DARNELL BRIGGS

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1258-07-1                  JUDGE ROBERT J. HUMPHREYS
                                                JULY 1, 2008

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            A. Joseph Canada, Jr., Judge

            Aleasa D. Leonard (Office of the Public Defender, on brief), for
            appellant.

            Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        William Darnell Briggs ("Briggs"), appeals his conviction for possession of a firearm

after having been found guilty of a delinquent act that would have been a violent felony if

committed as an adult, in violation of Code § 18.2-308.2.  He argues that the evidence introduced

at trial was insufficient to establish a prior finding of guilt for a felony.  We disagree and affirm

his conviction.

        In reviewing the sufficiency of the evidence on appeal, "the trial court's judgment will

not be set aside unless plainly wrong or without evidence to support it."  Hunley v.

Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).  "The credibility of a

witness and the inferences to be drawn from proven facts are matters solely for the fact finder's

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

determination." Holley v. Commonwealth, 38 Va. App. 158, 163, 562 S.E.2d 351, 354 (2002) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)).

"When the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005). "As provided by statute, a judgment order must reflect, among other things, the plea of the defendant, the verdict or findings of the fact finder, and the adjudication and sentence of the court." Id. (citing Code § 19.2-307). "The mere notation of a sentence, although suggestive of a conviction, does not establish the fact or nature of any conviction." Id.

"'A court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted.'" Perez v. Commonwealth, 274 Va. 724, 728, 652 S.E.2d 95, 97 (2007) (quoting Palmer, 269 Va. at 207, 609 S.E.2d at 310). "Thus, when the Commonwealth seeks to prove a prior conviction as an element of a crime by presenting an order entered in that prior case, the order must show that a judgment of conviction was entered in adjudication of the charge." Palmer, 269 Va. at 207, 609 S.E.2d at 310.

In making his argument, Briggs relies on Palmer. In that case, the Supreme Court of Virginia addressed another conviction of possession of a firearm by a felon. Id. at 205, 609 S.E.2d at 308. At trial, the Commonwealth introduced four petitions and accompanying disposition orders from Halifax County Juvenile and Domestic Relations District Court ("J&DR"). Two of the petitions alleged that Palmer had committed the delinquent act of grand larceny, while the other two petitions alleged that Palmer had committed the delinquent act of burglary with intent to commit larceny. Id. at 205, 609 S.E.2d at 309. The orders did not contain any notations providing an adjudication of the four charges, but each order directed Palmer to: (1) pay restitution to the victim; and (2) be committed to jail for twelve months, with six months

suspended. The orders directed the sentences to run concurrently. Id. at 206, 609 S.E.2d at 309. Palmer was eighteen years old at the time he was sentenced. Id.

The Supreme Court of Virginia reversed the conviction, holding that the orders did not establish the fact or nature of Palmer's adjudication. Id. at 208, 609 S.E.2d at 310. The Court noted that the orders did not disclose if Palmer had pled guilty to four misdemeanors rather than felonies. Because he was eighteen years of age at the time he was sentenced, the Court reasoned that the J&DR was permitted to sentence Palmer to jail for acts that would have been a misdemeanor if committed by an adult. Id. (citing Code § 16.1-284).

In Overbey v. Commonwealth, 271 Va. 231, 623 S.E.2d 904 (2006), our Supreme Court again reversed a conviction for possession of a firearm by a felon. In that case, the Commonwealth introduced a petition from the Hampton J&DR with two pages of notes relating to the proceedings in the juvenile court attached. Id. at 232, 623 S.E.2d at 904. Overbey was charged with both burglary and petit larceny. The notes read: "based on the plea of guilty, stipulation & summary of evidence, Ct finds def guilty and refer for PO report." Id. at 233, 623 S.E.2d at 905. The Court held that the language in the notes was ambiguous and could mean that Overbey had pled guilty to petit larceny, to burglary, or both. Our Supreme Court also held that "the trial court [necessarily] had to engage in pure conjecture or surmise to determine . . . that the defendant pled guilty to both [offenses]." Id. at 234, 623 S.E.2d at 906.

By contrast, our Supreme Court upheld a conviction for the same charge in Perez v. Commonwealth. In that case, the Commonwealth introduced three documents into evidence in order to prove Perez's prior conviction. The first two documents were petitions from the Prince William County J&DR, and the third was a disposition order entered by the Fairfax County J&DR. Id. at 726-27, 652 S.E.2d at 96. One petition alleged that Perez had committed burglary, while the second alleged that he had committed grand larceny, listing him as fifteen years old at

the time of the offense.  Id. at 727, 652 S.E.2d at 96.  The disposition order matched the case numbers from the petitions, and listed the type of case as "felony." [1]  Id.  The findings of the court read "child has been found guilty of two counts – B&E + Larceny."  The order directed that "child be committed to D.J.J."  Id.

Finding the evidence sufficient to support the conviction, the Court noted that the disposition order clearly indicated that Perez had been found guilty of two specific offenses, and at least one of those charges was a felony.  Id. at 730, 652 S.E.2d at 98.  The Court also noted that the order clearly indicated that Perez was a "child" at the time he was convicted, and by necessity, must have been a "child under age 18 when he was convicted for the felonies of breaking and entering and larceny."  Id.[2]

Palmer and Overbey do not control the outcome of this case, because they are both easily distinguishable.  The facts of this case are more similar to those in Perez.  Here, the case numbers are consistent throughout the three documents from the Norfolk J&DR.  The disposition order clearly states that Briggs was found guilty of aggravated sexual battery, a felony.  Furthermore, the petition lists Briggs' age as fifteen years old at the time of the offense, and the disposition order directs Briggs to be committed to the Department of Juvenile Justice.  As such, the evidence was sufficient for the court to find, without "conjecture or surmise," that Briggs, a juvenile, had been found guilty of a delinquent act that would be a violent felony if committed by an adult.[3]

---

[1] The disposition of the charges was apparently transferred to the Fairfax County J&DR after adjudication.  Such a transfer is authorized by Code § 16.1-243(B)(1).

[2] In making this determination, the Court cited Code § 16.1-228, which defines a "child" as a person less than 18 years of age.

[3] Code § 17.1-805(C) lists aggravated sexual battery as an offense that constitutes a "violent felony" for purposes of Code § 18.2-308.2.

For these reasons, we hold that the evidence was sufficient to prove Briggs' status as a person found guilty of an act as a juvenile that would have been a violent felony had it been committed by an adult.

<u>Affirmed.</u>