COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Haley
Argued at Richmond, Virginia


ARIK WILDER, S/K/A
  ARIK STEFON WILDER

MEMORANDUM OPINION[*] BY
v.        Record No. 0654-07-2          JUDGE JAMES W. HALEY, JR.
                                                    JULY 8, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

Travis R. Williams (Todd M. Ritter; Daniels & Morgan, on brief),
for appellant.

Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Arik Stefon Wilder ("Wilder") appeals his conviction for possessing a firearm after

having been adjudicated delinquent as a juvenile of an act that would be a felony if committed by

an adult in violation of Code § 18.2-308.2.  He argues that the juvenile court records introduced

into evidence by the Commonwealth during his trial were ambiguous and insufficient to prove

that his prior juvenile adjudication was for an act that would be a felony if committed by an

adult.  We disagree because the juvenile court records show that appellant was adjudicated

delinquent as a juvenile of carrying a pistol into a public school in violation of Code

§ 18.2-308.1.  Because Code § 18.2-308.1 makes this act a Class 6 felony, we affirm Wilder's

conviction for violating Code § 18.2-308.2.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

FACTS

After a bench trial on November 8, 2006, Wilder was convicted of attempted malicious

wounding in violation of Code §§ 18.2-51 and 18.2-26, use of a firearm in the commission of a

felony in violation of Code § 18.2-53.1, and possessing a firearm after having been adjudicated

delinquent of an act that would be a felony if committed by an adult in violation of Code

§ 18.2-308.2.  The evidence showed that Wilder drove to the Interstate Inn in Chesterfield

County on March 27, 2006.  Shortly after Wilder left his car, he had an argument with Daniel

Joseph Leonard.  Two witnesses, Derrick Smith and Daniel Vaughan, testified that Wilder

pointed a pistol at Mr. Leonard and fired two shots.  Neither of the shots hit anyone.[1]

Also at Wilder's trial, the Commonwealth introduced six pages of certified documents

from the City of Hopewell Juvenile and Domestic Relations District Court.  The first of these

records is a petition naming Wilder as the person charged and listing Wilder's social security

number, date of birth, race, gender, and address.  The petition also charges that "[h]e did on or

about 5/6/04 unlawfully and feloniously carry about his person a pistol into a public school in

violation of section 18.2-308.1."

The record also includes four form orders.  Each order consists of notes handwritten on a

form with boxes or dotted lines for the judge to mark next to pre-printed text.  On the first of

these orders, the box designating whether the case is a felony or a misdemeanor is left blank.

This order is dated May 7, 2004 and reflects that Wilder and his guardian appeared for a

---

[1] At trial, Wilder's counsel did not dispute that Wilder was present at the Interstate Inn. He did argue that the evidence failed to prove that the object Wilder used in the shooting was a firearm and that the evidence failed to prove that Wilder intended to shoot Mr. Leonard.  Neither question is presented in this appeal.  We granted Wilder an appeal with respect to a single question:  "Whether the trial court erred in finding sufficient evidence to convict the defendant of possession of a firearm after having been adjudicated delinquent as a juvenile, where the record and disposition of defendant's prior juvenile case was unclear."

detention hearing on that date and that the court set a detention review date of May 24, 2004 and a trial date of June 21, 2004. On the next order, the trial judge left blank both the box designating the type of hearing and the box designating whether the type of case was a felony or a misdemeanor. The handwritten notes attached to this order establish only that Wilder, his attorney, and his guardian appeared for some kind of hearing on June 14, 2004, apparently a hearing on Wilder's pretrial confinement status, and that the court ordered electronic monitoring and continued the case to June 21, 2004.

The next order is dated somewhat imprecisely ("6/") and continues the case until August 23, 2004. The judge who signed the order apparently checked boxes indicating that Wilder had an attorney and a guardian present for the hearing, that the type of the case was a felony, and that the type of hearing was an adjudicatory hearing. Next to the pre-printed word "PLEA:" is the handwritten note "guilty." Next to the pre-printed word "FINDINGS OF THE COURT" is the handwritten note: "continue on community supervision." Next to the pre-printed words "IT IS ORDERED THAT" is the handwritten note "social history ordered." The judge asked Wilder for his plea and designated the hearing an adjudicatory hearing; we, therefore, conclude that this hearing took place on Wilder's scheduled trial date of June 21, 2004. Wilder points out that this order includes no express finding that Wilder is adjudicated delinquent of the felony alleged in the original petition.

The last form order is dated August 23, 2004 and leaves blank the boxes indicating type of case and the type of hearing. This order only shows that Wilder appeared in court with his attorney, his mother, and a probation officer. Next to the words "IT IS ORDERED THAT" are two notes: "-no hand guns for twelve months –12 months supervised probation."

- 3 -

The last juvenile court document in the record is not a form order but a printed order styled "Probation Order." This order is dated August 23, 2004 and includes Wilder's full name and date of birth. The order reads as follows:

> WHEREAS, The Court having heard the evidence on June 21, 2004, upon petition(s) alleging that the said ARIK STEFON WILDER did in said City of HOPEWELL:
>
> "He, did on or about 5/6/04 unlawfully and feloniously carry about his person a pistol into a public school, in violation of Section 18.2-308.1 of the 1950 Code of Virginia, as amended"
>
> and the Court having found the said ARIK STEFON WILDER to be delinquent, the Court accordingly places ARIK STEFON WILDER on probation under the supervision of HOPEWELL Sixth District Court Services Unit.
>
> ___X___ For a period of twelve (12) months

ANALYSIS

When considering the sufficiency of the evidence on appeal, we give the benefit of all reasonable inferences deducible from the evidence to the party prevailing at trial. Shropshire v. Commonwealth, 40 Va. App. 34, 38, 577 S.E.2d 521, 523 (2003). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"When the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005). "A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). While the most efficient way of proving a prior conviction is to introduce an authenticated copy of the order of conviction into

evidence, the prior conviction may be proven by any competent evidence. Id. at 33-34, 480 S.E.2d at 128.

On brief, Wilder relies on the decisions of our Supreme Court in Palmer, 269 Va. 203, 609 S.E.2d 308, and Overbey v. Commonwealth, 271 Va. 231, 623 S.E.2d 904 (2006). Like Wilder, the defendant in Palmer was convicted of violating Code § 18.2-308.2 on the basis of juvenile court records. Palmer, 269 Va. at 205, 608 S.E.2d at 309. These juvenile court records included petitions alleging felony offenses and orders sentencing the defendant to pay restitution and to serve four concurrent jail sentences of twelve months with six months suspended. Id. at 206, 608 S.E.2d at 309. However, "[t]he juvenile and domestic relations district court records do not contain any orders providing an adjudication of the four charges." Id. Our Supreme Court reversed the defendant's conviction because the sentences imposed were consistent with either felony or misdemeanor adjudications. Thus, the sentences did not prove that the defendant was adjudicated delinquent of a felony.

> [A]s a practical matter, a defendant charged with felonious conduct may be convicted of a lesser-included offense, or the original charge may be reduced upon the defendant's agreement to plead guilty to the reduced charge.
>
> Applying these principles and observations to the present case, we conclude that the juvenile and domestic relations district court records do not establish the fact or nature of Palmer's adjudication. For example, we do not know if Palmer agreed to plead guilty to four offenses that would have been misdemeanors, rather than felonies, if committed by an adult. Palmer was 18 years old at the time he was sentenced and, thus, the juvenile and domestic relations district court was permitted to sentence him to jail for delinquent acts that would have been a misdemeanor if committed by an adult for a period not to exceed 12 months for a single offense or multiple offenses. See Code § 16.1-284. As stated above, the record shows that Palmer received four concurrent jail sentences of 12 months, with six months of each sentence

suspended, sentences within the limits allowed by Code
§ 16.1-284.

Id. at 207-08, 608 S.E.2d at 310.

In Overbey, the defendant was also convicted of violating Code § 18.2-308.2 on the basis of juvenile court records. The records proved that the defendant was originally charged with two offenses, one felony and one misdemeanor. Overbey, 271 Va. at 232, 623 S.E.2d at 904. The records also proved that the defendant entered a guilty plea and was sentenced to a twelve-month suspended jail sentence. Id. at 233, 623 S.E.2d at 905. Citing Palmer, our Supreme Court found the juvenile records to be ambiguous and reversed the defendant's conviction because it was not clear from the juvenile records whether the defendant pled guilty to the felony, the misdemeanor, or both. Id. at 234, 623 S.E.2d at 905-06. "In these circumstances, the trial court had to engage in pure speculation or surmise to determine, as the Commonwealth contends, that the defendant pled guilty to both burglary and petit larceny. The trial court thus erred in concluding that the Commonwealth proved the necessary element of a prior felony conviction." Id.

The juvenile records in Palmer were insufficient because the presence of felony allegations, together with the lack of any order specifically adjudicating those allegations and a sentence within the range of punishment for either the charged felonies or lesser-included misdemeanors, left open the reasonable possibility that the defendant had not been adjudicated delinquent of a felony. The juvenile records in Overbey were insufficient because the original petition alleging a felony and a misdemeanor, together with a guilty plea to one or both of those offenses, left open the reasonable possibility that the defendant had only been adjudicated delinquent of a misdemeanor. The juvenile records in this case are not ambiguous. Unlike Palmer or Overbey, the original petition in this case alleged only one offense, a felony, and the

probation order in this case states that Wilder was found to be delinquent of the felony offense alleged in the original petition.

Wilder argues that the probation order does not prove a prior felony conviction because it does not have one of the characteristics of a "judgment order" as that term is used in Code § 19.2-307 ("Contents of Judgment Order"). Specifically, Wilder notes that the probation order does not reflect his plea to the juvenile firearm charge as required by the statute. However, Code § 19.2-307 does not purport to be a rule of admissibility. The admissibility of court records is governed by a different statute, Code § 8.01-389, which provides that "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record." See Owens v. Commonwealth, 10 Va. App. 309, 310-11, 391 S.E.2d 605, 606 (1990). Code § 8.01-389 refers to the "records of any judicial proceeding and any other official records." The legislature could have written the statute to apply only to records that qualify as "judgment orders" pursuant to Code § 19.2-307, but did not do so. Thus, we must assume that the legislature intended to allow the admissibility of more judicial records than Wilder's argument suggests. Moreover, Wilder's reading of Code § 19.2-307 is inconsistent with the principle that "[p]rior convictions may be proved by any competent evidence." Perez v. Commonwealth, 274 Va. 724, 730, 652 S.E.2d 95, 98 (2007). Finally, we note that, though the probation order does not mention Wilder's plea, the Commonwealth also introduced the form order of Wilder's adjudicatory hearing, which reflects a plea of guilty.

Wilder also argues that a condition of his probation mentioned in the form order dated August 23, 2004 is inconsistent with a felony adjudication. Next to the pre-printed words "IT IS

ORDERED THAT:" is the handwritten note "no hand guns for 12 months." Because a delinquent adjudication on the felony charge alleged in the original petition would automatically subject Wilder to criminal penalties if he possessed a firearm at any time before he reached the age of twenty-nine, (see Code § 18.2-308.2(A)(iii)), Wilder argues that it would be "nonsensical" for the court to adjudicate him delinquent of the felony and then attach this particular condition of probation. We disagree. It is common for a court to suspend its sentence on the condition that the defendant be of general good behavior, meaning that the suspended sentence may be imposed unless the defendant's conduct conforms with the law. Griffin v. Cunningham, 205 Va. 349, 353, 136 S.E.2d 840, 843 (1964); Holden v. Commonwealth, 27 Va. App. 38, 43, 497 S.E.2d 492, 494 (1998). Indeed, our Supreme Court has held that this condition of good behavior is implied in every order suspending a sentence. Collins v. Commonwealth, 269 Va. 141, 146, 607 S.E.2d 719, 721 (2005). This is so despite the fact that *everyone* has a duty to obey the law, whether they are on probation or not. See WTAR Radio-TV Corp. v. City Council of Virginia Beach, 216 Va. 892, 895, 223 S.E.2d 895, 898 (1976). While the "no hand guns" condition of Wilder's juvenile probation may not have altered the legality of his possession of a handgun, this condition, like the condition of good behavior, imposed an additional legal consequence on any future handgun possession by Wilder. This is an extremely common feature of sentencing orders, and it is certainly not inconsistent with an adjudication of delinquency on the original felony petition.

We also note that Wilder was sixteen years old at the time the juvenile court ordered that Wilder refrain from possessing handguns for twelve months. With a few exceptions, Code § 18.2-308.7 makes it a misdemeanor for a person under eighteen to possess a handgun. By its terms, this statute made it unlawful for Wilder to possess a handgun at sixteen even if his

criminal adjudication had been a misdemeanor. Indeed, Code § 18.2-308.7 applies to all persons under eighteen, even those who have no prior adjudications for any type of juvenile delinquency. We must, therefore, reject the argument that the "no hand guns" condition of Wilder's probation is consistent with a misdemeanor adjudication and inconsistent with a felony adjudication. To the extent that this probation condition was legally redundant or meaningless, as Wilder suggests, this legal redundancy existed whether or not the criminal adjudication in juvenile court was for a felony. Accordingly, we cannot say that the presence of this probation condition is so clearly inconsistent with a felony adjudication that it outweighs the explicit language of the "probation order" stating that Wilder had been found delinquent of the felony offense charged in the original petition.

We conclude that the trial court did not err in convicting Wilder of violating Code § 18.2-308.2. Wilder's conviction is affirmed.

Affirmed.