COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Chafin
Argued at Richmond, Virginia

FRANKIE JUNIOR WRIGHT

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY

v.      Record No. 0003-13-2

FEBRUARY 18, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Paul W. Cella, Judge

Marlene A. Harris for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.

Frankie Junior Wright appeals his conviction of felonious violation of a protective order,

third or subsequent violation, under Code § 16.1-253.2. On appeal, Wright argues that the trial

court erred in denying his motion to strike because the evidence was insufficient to convict him

of a felony violation of a protective order. For the reasons set forth below, we affirm the

judgment of the trial court.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal. "On appeal, 'we review the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

II.

Sufficiency of the Evidence

Wright first argues that the evidence is insufficient to convict him of violating the

protective order because there was no evidence that he was on Felicia Hardy's property. We

disagree.

"'When reviewing the sufficiency of the evidence to support a conviction, [this] Court

will affirm the judgment unless the judgment is plainly wrong or without evidence to support

it.'" Mayfield v. Commonwealth, 59 Va. App. 839, 850, 722 S.E.2d 689, 695 (2012) (alteration

in original) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).

Thus, an "'appellate court does not ask itself whether *it* believes that the evidence at the trial

established guilt beyond a reasonable doubt.'" Id. (quoting Britt v. Commonwealth, 276 Va.

569, 573-74, 667 S.E.2d 763, 765 (2008)). Instead, "'the relevant question is whether *any*

rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "'This familiar standard

gives full play to the responsibility of the trier of fact . . . to resolve conflicts in the testimony, to

weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id.

(alteration in original) (quoting Brown v. Commonwealth, 56 Va. App. 178, 185, 692 S.E.2d

271, 274 (2010)).

Under Code § 16.1-279.1, a protective order may be issued "[i]n cases of family abuse

. . . to protect the health and safety of the petitioner and family or household members of the

petitioner." Here, a protective order was issued that directed Wright to refrain from having

- 2 -

contact with Hardy and "immediately leave and stay away from the residence" on McIlwaine Drive. Wright argues that there was no evidence of direct contact between himself and Hardy and that it was not shown beyond a reasonable doubt that he was on Hardy's property. However, ample circumstantial evidence proves that Wright violated the protective order by going on Hardy's property.

"Circumstantial evidence . . . is evidence of facts or circumstances not in issue from which facts or circumstances in issue may be inferred." Byers v. Commonwealth, 23 Va. App. 146, 151, 474 S.E.2d 852, 854 (1996) (citation omitted). "'Circumstantial evidence [presented during the course of the trial] is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Salcedo v. Commonwealth, 58 Va. App. 525, 535, 712 S.E.2d 8, 12 (2011) (quoting Holloway v. Commonwealth, 57 Va. App. 658, 665, 705 S.E.2d 510, 513 (2011) (en banc)). Moreoever, "[c]ircumstantial evidence is as acceptable to prove guilt as direct evidence." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).

On May 30, 2012, at about 12:30 a.m., Hardy received a phone call from the VINE Service,[1] which informed her that Wright was released from jail. At about 2:30 a.m. that same morning, Hardy heard knocking on the window outside her bedroom and at the back of the house. The knocking continued for several minutes. Moments later, Hardy looked out her bedroom window. She did not see anyone. After looking out her bedroom window, Hardy heard knocking on the front door of her house. Hardy walked to the front of her house, looked out the window, and saw Wright walking away from her house in the ditch line on the edge of her yard.

---

[1] VINE is an acronym standing for Victim Information and Notification Everyday. It is an automated service offered by local sheriffs and the Department of Corrections to provide victims with the custody status of offenders.

Kianna Bell, Hardy's girlfriend, lived a couple of houses down from Hardy on McIlwaine Drive. Bell testified that Wright knocked on her front door around 2:30 a.m. that night. Wright knocked on her door for around five minutes and then left. Bell did not answer the door.

Deputy Tomlin was dispatched to McIlwaine Drive at around 2:30 a.m. that morning in reference to a possible protective order violation. Deputy Tomlin encountered Wright about one block away from Hardy's house. Deputy Tomlin informed Wright that he was not supposed to be on Hardy's property. Wright said that he was going to Hardy's property to retrieve his personal belongings.

The trial court held that this evidence was sufficient to prove that Wright was on Hardy's property: "I think that while nobody actually saw him on the property, I think that the fact nobody was around except him compared with his conversation with Deputy Tomlin is sufficient." The trial court's holding is not plainly wrong or without evidence to support it. To the contrary, the evidence demonstrates that Wright was on Hardy's property in violation of the protective order. There is no need for testimony from a witness that she actually saw Wright on the property. The circumstantial evidence, and reasonable inferences drawn from that evidence, is sufficient to demonstrate that Wright was on Hardy's property in violation of the protective order. Therefore, we affirm the holding of the trial court.

### Rule 5A:20

Wright next argues that there was no admissible evidence to prove that one or more of his prior violations of the protective order had an act of violence as its basis. His entire argument consists of the following:

> Additionally, in order to support a finding of guilty beyond a
> reasonable doubt for a third violation of a protective order, there
> must be evidence that at least one of the prior convictions was
> based on an act of violence (See 16.1-253.2). Here, the order only

shows that appellant was convicted of a violation of a protective order in Petersburg. The court speaks through its orders and here, there is no indication that there was an act of violence that led to the court's finding. The fact that a finding of a violation of a protective order could arise from mere proximity to the individual to be protected, there can be no presumption that the finding was made based on an act of violence, even if there is some testimony regarding an act of violence. The statute specifically requires that the finding be based on an act of violence. Here there is no indication of what the finding was based upon. Thus there is no evidence that the conviction was based upon an act of violence and that element of the enhanced offense has not been shown beyond a reasonable doubt.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008)). Indeed,

> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal."

Id. (alteration in original) (quoting Jones, 51 Va. App. at 734-35, 660 S.E.2d at 345). Accordingly, if a party fails to strictly adhere to the requirements of Rule 5A:20(e), and that failure is significant, then we may treat the assignment of error as waived. Id.

Wright failed to provide any guiding legal authority. Wright's counsel stated at oral argument that this was an issue of first "blush."[2] This statement is not entirely correct. Although there are no cases with the *exact same facts* as this case, there are plenty of cases which analyze the issue of proving a prior conviction. See McMillan v. Commonwealth, 277 Va. 11, 671 S.E.2d 396 (2009); Overbey v. Commonwealth, 271 Va. 231, 623 S.E.2d 904 (2006); Palmer v. Commonwealth, 269 Va. 203, 609 S.E.2d 308 (2005). Moreover, the Commonwealth points out cases which state that a prior conviction can be proven by any competent evidence. See McMillan, 277 Va. at 28, 671 S.E.2d at 405; Perez v. Commonwealth, 274 Va. 724, 729, 652 S.E.2d 95, 98 (2007). Wright fails to mention these cases in his opening brief or to argue why they are not dispositive of the issue in a reply brief. Additionally, if Wright believes that Code § 16.1-253.2 requires that the facts of the prior conviction can only be established by the language included in that order of conviction, he could have presented an argument based on rules of statutory construction and legislative intent.

It is apparent that Wright abdicated his burden of research to this Court. We refuse to be an advocate for Wright. "Appellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. If [Wright] believed that the circuit court erred, it was [his] duty to present that error to us with legal authority to support [his] contention." Fadness, 52 Va. App. at 851, 667 S.E.2d at 865. Because Wright's failure to provide legal argument or authority is significant, he has waived his right to have this assignment of error reviewed by this Court.

---

[2] We assume Wright's counsel meant that this was an issue of first impression.

III.

For the foregoing reasons, we affirm Wright's conviction.

<u>Affirmed.</u>