UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Raphael and Callins
Argued by videoconference


JALEN RASHON PARKER

                                                         MEMORANDUM OPINION* BY
v.         Record No. 0684-21-1                          JUDGE ROBERT J. HUMPHREYS
                                                         MARCH 1, 2022

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                             Robert H. Sandwich, Jr., Judge

             James L. Grandfield, Public Defender, for appellant.

             A. Anne Lloyd, Deputy Solicitor General (Mark R. Herring,[1]
             Attorney General, on brief), for appellee.


         Jalen Parker was convicted in the Circuit Court of the City of Suffolk of, *inter alia*,

possession of a firearm under the age of twenty-nine after having been convicted of a delinquent

act that would be a felony if committed by an adult, in violation of Code § 18.2-308.2(A)(iii).

On appeal, Parker argues that the circuit court erred in finding the evidence was sufficient to

establish that he had previously been convicted of an offense that would be a felony if committed

by an adult.

                                    I.  BACKGROUND

         On February 5, 2020, Officer Gauf with the Suffolk Police Department arrested Parker

and performed a search incident to arrest, during which he found a firearm tucked into the

waistband of Parker's pants, hidden beneath his hoodie.  After running the gun's serial number

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

through the police system, Officer Gauf learned that the weapon had been reported stolen approximately ten hours prior to Parker's arrest.

Following an investigation, Parker was indicted for, *inter alia*, one count of possession of a firearm by a nonviolent felon. At a bench trial, the Commonwealth sought to introduce evidence that Parker had previously been adjudicated guilty of an offense that would have been a felony if committed by an adult in the Chesapeake Juvenile and Domestic Relations District Court ("the J&DR court"), in violation of Code § 18.2-308.2 which says,

> It shall be unlawful for . . . any person under the age of 29 who was adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult . . . to knowingly and intentionally possess or transport any firearm . . . . Any person who violates this section shall be guilty of a Class 6 felony.

The Commonwealth offered three documents as proof that Parker had been convicted of the felony offense of receiving stolen property: (1) a petition from the J&DR court, (2) a disposition order from the J&DR court, and (3) a signed order from the J&DR court requiring Parker to be fingerprinted at the Chesapeake City Jail. [2] The documents showed that on April 24, 2018, Parker had been charged with receiving stolen property in excess of $200, namely, a 2019 Toyota vehicle, in violation of Code § 18.2-108. [3] Notably, Code § 18.2-108, "Receiving Stolen Goods," can be either a misdemeanor or felony offense pursuant to Code §§ 18.2-95 and 18.2-96. (Amended 2020). The evidence also showed that on July 31, 2018, Parker pled guilty

---

[2] A petition is a charging document used in J&DR courts. *See Burfoot v. Commonwealth*, 23 Va. App. 38, 45-46 (1996) ("[T]he sole avenue available to prosecute a juvenile defendant charged with a criminal offense begins with the Commonwealth filing a petition in the juvenile and domestic relations district court. No statute allows the Commonwealth to directly indict a juvenile for a criminal offense; process must be initiated by filing an appropriate petition in the juvenile and domestic relations district court.").

[3] At the time of Parker's offense, receiving stolen property in excess of $200 constituted grand larceny under Code § 18.2-95.

to violating Code § 18.2-108. The J&DR court's disposition order contained two empty boxes, one for "misdemeanor" and one for "felony," and neither box had been checked by the court. Parker objected to the evidence on the grounds that it was insufficient to prove a prior felony conviction.

The circuit court held that the evidence was admissible, stating,

> Well, certainly it could be a felony or a misdemeanor based solely on the code section, but when I look at the petition and the order by Judge Willis, and also the following items, the DNA testing [order], and if you look at the top of that document it does say receiving . . . stolen goods greater than two hundred dollars. Then it lays out the code section. It also . . . indicates guilty. The plea was "guilty" to the charge.[4]

After the Commonwealth rested, Parker made a motion to strike the evidence regarding felony possession of a firearm on the same grounds, that the evidence was insufficient. The circuit court responded, "if this document was on its own, if this order from [the J&DR court] stood on its own then I would agree with you as far as its ambiguity [regarding] misdemeanor or felony." The circuit court went on to say, however, that "taking all [three of] these documents together and looking at the order that is presented to the court, the court finds that he was adjudicated as a juvenile felony offense [sic], in this case, felony receiving stolen property."

Parker was convicted of possession of a firearm by a convicted nonviolent felon. He timely appealed his conviction to this Court.

---

[4] The "DNA testing order" referenced by the circuit court is circuit court form 1390 (Form CC-1390). Although Form CC-1390 can be used to order DNA testing, here, it was used to order Parker's fingerprints. We will refer to this order as "the fingerprinting order" in this opinion.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." *Rooney v. Commonwealth*, 27 Va. App. 634, 643 (1998). We defer to the findings of fact made by a jury or a circuit court judge at a bench trial if there is evidence to support the findings and will not set a judgment aside unless it appears from the evidence that the judgment is plainly wrong. *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010). Our appellate deference also applies "to any reasonable and justified inferences the fact-finder may have drawn from the facts proved." *Id.*

### B. WHETHER THE EVIDENCE WAS SUFFICIENT

"[W]hen the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." *Overbey v. Commonwealth*, 271 Va. 231, 234 (2006) (quoting *Palmer v. Commonwealth*, 269 Va. 203, 207 (2005)). Parker argues that the evidence was insufficient to prove that he was convicted of a crime that, had he been an adult, would have constituted a felony. On appeal, he primarily relies on the Virginia Supreme Court's decision in *Palmer v. Commonwealth*. Although Parker does not cite *Overbey v. Commonwealth*, his argument that the evidence was impermissibly ambiguous also implicates *Overbey's* holding. 271 Va. at 234 (holding that the language of the evidence submitted to prove defendant's prior conviction was ambiguous and, as such, it was insufficient to prove a prior conviction beyond a reasonable doubt). *Palmer* and *Overbey* are two of several cases issued by the Virginia Supreme Court regarding whether evidence was sufficient to establish the felonious nature of a prior delinquent act committed while a juvenile.

- 4 -

In 2005, the *Palmer* Court determined that contested evidence was insufficient to prove the defendant had sustained a conviction for an offense that would have been a felony if committed by an adult. *See Palmer*, 269 Va. at 208. In that case, the Commonwealth's evidence consisted of four petitions and accompanying disposition orders from the J&DR court. *Id.* at 205. Two of the petitions charged Palmer with the delinquent act of grand larceny, and the other two charged him with the delinquent act of burglary. *Id.* The disposition orders mandated that Palmer pay restitution and be committed to jail for twelve months for each charge, however, the orders did not contain clear adjudications.[5] *See id.* at 206. Stated another way, the disposition orders in *Palmer* did not contain actual judgments, they merely reflected that he had been sentenced to jail and to pay restitution. The circuit court reasoned that there was "no question" Palmer had been convicted of one or more felonies because he "could only have been committed to jail" for twelve months if he had been convicted of a felony offense. *See id.* The Virginia Supreme Court rejected the circuit court's reasoning, noting that the length of Palmer's four sentences, standing alone, was not dispositive because the law permitted twelve-month sentences for misdemeanor offenses as well as felonies. *See id.* at 208. The *Palmer* Court held that the evidence was insufficient because "[a] court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted" and the lack of a recorded judgment entered in adjudication of the charges against Palmer required the circuit court to engage in conjecture or surmise to find that he had definitively been convicted of a felony offense; ultimately, *Palmer* held that evidence of a prior felony conviction cannot merely suggest a conviction, it must establish the facts and nature of that conviction. *Id.* at 207-08.

---

[5] Adjudication is defined first as "[t]he legal process of resolving a dispute; the process of judicially deciding a case" and second as "judgment." *Adjudication, Black's Law Dictionary* (11th ed. 2019).

In 2006, the Virginia Supreme Court again found that the Commonwealth's evidence was insufficient to prove a defendant had been convicted of a felony as required by Code § 18.2-308.2. *Overbey*, 271 Va. at 232. In *Overbey*, the defendant had been charged with both felony burglary and misdemeanor petit larceny when he was a juvenile. *Id.* The Commonwealth's evidence contained a J&DR court petition listing both charges and two pages of attached notes relating to the proceedings against Overbey. *See id.* The notes showed that Overbey entered a singular plea of guilty, despite having multiple charges against him; the notes merely stated that Overbey was found guilty "based on the *plea* of guilty," rather than "*pleas* of guilty." *Id.* at 233. The Virginia Supreme Court held that the circuit court "had to engage in pure conjecture or surmise" to determine that Overbey had pled guilty to both felony burglary and misdemeanor petit larceny. *Id.* at 234. The Court held that because the notes failed to "specify to what offense [Overbey] pled guilty or [to] what evidence he stipulated," the evidence was impermissibly ambiguous and did not sufficiently prove Overbey's prior felony conviction beyond a reasonable doubt. *See id.* at 233-34.

In 2007, the Virginia Supreme Court held that an undated order purporting to be a juvenile adjudication was sufficient to support a conviction for felony possession of a firearm. *Perez v. Commonwealth*, 274 Va. 724, 730 (2007). In *Perez*, the Commonwealth introduced into evidence two petitions and a disposition order from J&DR courts. *Id.* at 726-27. The petitions charged Perez with grand larceny and burglary and listed case numbers for each charge. *Id.* at 727. The disposition order listed the type of case as "felony" and stated that Perez had been "found guilty of [two] counts—B & E + Larceny." *Id.* The disposition order also contained case numbers that corresponded to the petitions. *See id.* The order was signed by the judge, but the line for "Date" was left blank. *See id.* The Virginia Supreme Court held that "unlike *Palmer* or *Overbey*, the fact finder [in *Perez*] did not have to engage in conjecture or surmise to find the

fact of Perez's prior conviction beyond a reasonable doubt." *Id.* at 728-29. The two petitions and undated order were adequate proof of conviction due to the consistency in case numbers, charges, and the name of the defendant, despite the fact that the order was undated. *See id.* at 730.

In 2011, the Virginia Supreme Court found that a four-page document containing a petition, a request for appointment of an attorney, and two pages titled "Record of Proceedings" from a J&DR court was insufficient evidence of conviction of a juvenile act that would be a violent felony if committed by an adult because it proved only the fact of Preston's conviction and not its nature. *See Preston v. Commonwealth*, 281 Va. 52 (2011). The evidence did not indicate what plea Preston entered or of what specific charge he was convicted. *See id.* at 58 ("Because the sections titled 'Plea' and 'Findings of Court' are blank on the two pages signed by the juvenile and domestic relations district court judge, we do not know what plea Preston entered or to what charge.").

In the present case, Parker violated Code § 18.2-108, "Receiving, etc., stolen goods," when he was a juvenile. Under Code § 18.2-108, a person guilty of receiving stolen goods is guilty of larceny, but the statute does not specify whether a violation of its terms is grand or petit larceny. As a result, we *must* read the statute in conjunction with Code §§ 18.2-95 to -96, which define grand and petit larceny based on the value of the stolen property. *See, e.g.*, *Jefferson v. Commonwealth*, 298 Va. 1, 11 (2019) ("Because [a larceny] statute does not state whether a violation of its provisions is grand or petit larceny, it must be read in connection with Code §§ 18.2-95[ to -96] . . . ."); *Greenwalt v. Commonwealth*, 224 Va. 498, 500 (1982) ("[A] person violating [Code § 43-13] is guilty of larceny, and, if the amount involved exceeds $200, the crime is a felony.").

At the time of Parker's offense, Code § 18.2-95 stated, "Any person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny." (Amended 2020). Therefore, if Parker was adjudicated guilty of receiving stolen property worth $200 or more, he was guilty of the felony offense of grand larceny.

As noted, the Commonwealth bore the burden of proving that Parker had been adjudicated guilty of a felony and in support of its burden, the Commonwealth introduced a petition from the J&DR court, a disposition order from the J&DR court, and a signed order from the J&DR court requiring Parker be fingerprinted. *See Palmer*, 269 Va. at 207. The petition originally charged Parker with *stealing*, not receiving, property valued in excess of $200. The petition was amended, however, and the words "take, steal, and drive away" were crossed out and replaced with "receive[d] stolen property." Additionally, there were two series of handwritten initials located next to the amended charge. At trial, the circuit court found that the J&DR court had approved the amended charge because the judge's initials were visible on the petition. Importantly, the words "valued in excess of $200.00" were not similarly amended.

Both the amended petition and the fingerprinting order stated that Parker was charged with receiving stolen property in violation of Code § 18.2-108. The disposition order stated that Parker was found guilty of violating Code § 18.2-108. Most importantly, the amended petition and the fingerprinting order both stated that Parker was charged with receiving property valued in excess of $200.

Parker points out that the charge against him could have been reduced to a misdemeanor. In essence, Parker argues that because (1) his charge *could have* been a misdemeanor or a felony and (2) the boxes for "felony" and "misdemeanor" on the disposition order were unchecked, the

Commonwealth's evidence was insufficient *per se* to prove he was adjudicated guilty of the felony offense. This argument is problematic for several reasons.

First, no evidence indicated that Parker's charge was reduced to a misdemeanor. Assuming that the charge was reduced from a felony to a misdemeanor is impermissibly speculative because it assumes the J&DR court made two errors, first, by failing to amend the charge on the petition to a misdemeanor and second, by failing to so amend the fingerprinting order.[6] Such assumptions directly contradict the longstanding judicial doctrine regarding regularity. In the absence of affirmative evidence to the contrary, courts in the Commonwealth "are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity." *Napert v. Napert*, 261 Va. 45, 47 (2001). This Court has relied on the presumption of regularity in prior cases where appellant argued that the evidence was insufficient to prove prior convictions. *See Shell v. Commonwealth*, 64 Va. App. 16, 21 (2014) ("A presumption of regularity attends appellant's prior convictions for failing to reregister as a sex offender as 'every act of a court of competent jurisdiction shall be presumed to have been rightly done 'till the contrary appears.'" (quoting *Farmer v. Commonwealth*, 62 Va. App. 285,

---

[6] This issue arises entirely from the failure of the J&DR court to simply check a box that would have clearly indicated its verdict. Further, while we do not disagree with the concurrence that "a defendant is perfectly entitled to speculate" with respect to what facts evidence does or does not establish, courts are not permitted to do so.

Also, with all due respect to our concurring colleague, we need not parse whether any one of these orders standing alone is sufficient to establish an element of the offense. The issue before us in this appeal is not whether any of these orders were improperly admitted as irrelevant because they fail to show a prior felony adjudication. Instead, because the assignment of error here is the sufficiency of the evidence, we must "regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn from that evidence" to determine if the circuit court could reasonably conclude from all of the J&DR court orders, when considered collectively, that Parker had a prior adjudication of guilt for the juvenile equivalent of a felony. *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (internal quotation omitted). While Parker's argument that the adjudication order indicates that he *might* have been convicted of a lesser offense requires speculation that events occurred that conflict with what is facially reflected in the court orders, the circuit court's judgment that the orders here collectively supported a contrary conclusion does not.

289-90 (2014) (citation omitted))). Here, the circuit court's conclusion that "there's no indication [the charge] was reduced" was consistent with the evidence presented and with the presumption of regularity.

Second, contrary to Parker's argument, the circuit court was simply required to find that the evidence, given its logical inferences, was sufficient to establish beyond a reasonable doubt that Parker had been adjudicated guilty of the equivalent of a felony offense. *See Moody v. Commonwealth*, 28 Va. App. 702, 706 (1998) ("The fact finder, however, is entitled to draw inferences from proved facts, so long as the inferences are reasonable and justified."). The Virginia Supreme Court has held that prior convictions may be proved by *any competent evidence*. *See Perez*, 274 Va. at 730. The circuit court, sitting as a fact finder, was charged with determining whether the Commonwealth's evidence proved beyond a reasonable doubt that Parker had previously been adjudicated guilty of a crime that would be a felony if committed by an adult. After reviewing the record on appeal, it is clear that the circuit court did not need to engage in impermissible "conjecture or surmise" to find that the Commonwealth's evidence tended to prove that Parker had previously been convicted of the felony offense of receiving stolen goods. Unlike *Palmer*, here the disposition order contained a judgment. Unlike in *Preston*, here the disposition order clearly shows that Parker *pled guilty* to receiving stolen property as the petition was amended. *See Preston*, 281 Va. at 58. "The effect of a plea of guilty . . . is a record admission of whatever is well charged in the indictment . . . . It admits all the criminating facts alleged and the statutory elements of the offense charged." *Starrs v. Commonwealth*, 287 Va. 1, 10-11 (2014) (quoting *Hobson v. Youell*, 177 Va. 906, 912 (1941)).[7] Because the petition charged Parker with receiving stolen goods worth $200 or more and the

---

[7] The concurrence disagrees with our reliance on *Starrs* and *Hobson* but makes no attempt to explain why they are not applicable to, or distinguishable from, the facts of this case.

- 10 -

disposition order stated that Parker pled guilty to the charge, it is reasonable to infer that Parker admitted that he was guilty of the statutory elements of the offense listed in the charging document, namely, the felony offense of receiving stolen property. It is logical to conclude that because stolen property's value ultimately determines whether a defendant committed a felony or a misdemeanor, if Parker's charge had been reduced to a misdemeanor, the J&DR court would have also amended the value of the stolen property on the petition when it made other amendments to the charging document. When the petition and the disposition order are taken together it is reasonable to infer, as the circuit court did, that Parker was first charged with stealing property valued in excess of $200, amended to receiving stolen property valued in excess of $200, and he pled guilty to the amended charge.

Finally, we note that the circuit court explicitly read all three documents—the petition, the disposition order, and the fingerprinting order—in concert to determine that Parker had indeed been convicted of a felony. To the extent that the petition and disposition order were ambiguous, we note that the fingerprinting order—which was signed by the J&DR court on the same date as Parker's disposition order—also stated that Parker's offense was "Rec[eiving]/buy[ing] stolen goods > $200." The fingerprinting order further supports the finding that Parker's charge was never reduced to a misdemeanor. While it undoubtedly would have been clearer if the J&DR court had checked the box next to "felony" on the disposition order, upon reviewing the record, the circuit court did not have to engage in impermissible conjecture or surmise to determine that Parker was adjudicated guilty of the delinquent act of feloniously receiving stolen goods.

## III.  CONCLUSION

For these reasons, this Court holds that the circuit court did not err in finding the evidence sufficient to support Parker's conviction for felony possession of a firearm.

*Affirmed.*

Callins, J., concurring.

I concur with the majority's conclusion that the three documents in Commonwealth's Exhibit 1, *taken together*, were sufficient for the trial court to reasonably infer that Parker had been convicted as a juvenile of an offense that would be a felony if committed by an adult. I would affirm Parker's conviction on these narrow grounds alone, and I write separately because the majority makes several arguments that I decline to adopt.

First, I cannot join in the majority's reasoning that determinative to this case is whether evidence exists indicating that Parker's charge was reduced to a misdemeanor. Under these circumstances, Parker did not carry any burden to establish that his charge was reduced to a misdemeanor. The Commonwealth does not prevail based on what the evidence fails to show, but on what the evidence shows beyond a reasonable doubt.

Second, I cannot agree with the majority's characterization of Parker's argument as an invitation to the trial court to engage in "impermissibly speculative" judgment. The entire point of our case law pertaining to proving a prior felony conviction is that a defendant is perfectly entitled to speculate, on the face of ambiguous documents introduced by the Commonwealth, that he or she may have actually been convicted of a misdemeanor instead of a felony. Given the ambiguity concerning the nature of the underlying conviction, and existing precedent, a trial court would have been no more speculative in declining to find a juvenile felony adjudication beyond a reasonable doubt than in finding as the court below did.

Third, I cannot agree with the majority's reliance on the doctrine of judicial regularity to justify the ambiguity of the conviction. The J&DR court failed to indicate the nature of Parker's conviction in both failing to check the appropriate "Type of Case" box and in referencing only Parker's plea to the statute as opposed to the amended petition. That the J&DR court may have made additional documenting errors is not beyond the realm of possibility here. Notably, the

- 13 -

presumption of judicial regularity has never been invoked by this Court or our Supreme Court to resolve ambiguity as to whether a defendant had been convicted of a felony or a misdemeanor. To engage in presumptions of regularity in cases such as these takes us dangerously close to the realm of conjecture and surmise that is expressly forbidden under Virginia law. *See Palmer v. Commonwealth*, 269 Va. 203, 207 (2005).

Finally, I cannot agree with the majority's conclusion that the disposition order[8] "clearly" shows that Parker pled guilty to the amended charge of feloniously receiving stolen property. As noted earlier, the ambiguity in this order is the reason this matter is before us. The order indicates a plea of "guilty to [Code §] 18.2-108"—a statute that both parties concede encompasses both misdemeanor and felony grade offenses. The clarity of the juvenile court judgment is revealed only in reading the three documents in Commonwealth's Exhibit 1 in concert.

The majority relies on the proposition from *Starrs v. Commonwealth*, 287 Va. 1 (2014), that "[t]he effect of [a] plea of guilty . . . is a record admission of whatever is well charged in the indictment," *id.* at 10-11 (third alteration in original) (quoting *Hobson v. Youell*, 177 Va. 906, 912 (1941)), but does not, in my view, adequately reconcile this proposition with our Supreme Court's admonition in *Palmer* that "as a practical matter . . . [a defendant's] original charge may

---

[8] I reference "disposition order" for the sake of consistency with the majority's use of the term. However, the juvenile court entered its order on a Form DC-570—a standardized, multi-use form order generated by the Office of the Executive Secretary of the Supreme Court of Virginia. The Form DC-570 allows a juvenile court judge to use check boxes to identify the nature of the proceedings before it, including the "Type of Case" and the "Type of Hearing." In addition to failing to indicate "Felony" or "Misdemeanor," the juvenile court order also fails to indicate the type of hearing—namely, whether it was an "Adjudicatory Hearing" or a "Disposition Hearing." At oral argument, the Commonwealth characterized the order as an "adjudicatory order." However, unlike the question of the nature of Parker's conviction, the nature of the hearing under which the order was issued is not relevant to our determination in this case.

be reduced upon the defendant's agreement to plead guilty to the reduced charge," *Palmer*, 269 Va. at 207.

For these reasons, I refrain from joining the majority opinion, but I concur that the trial court, by examining all three documents in Commonwealth's Exhibit 1 in concert with one another, could have reasonably inferred that Parker had been convicted of an offense that would be a felony if committed by an adult. Accordingly, I agree that Parker's conviction should be affirmed.