## Alexandria

ERIC M. MIGHTY

v.

COMMONWEALTH OF VIRGINIA

No. 1460-92-4

Decided December 21, 1993

COUNSEL

Roger A. Inger (Roger A. Inger, P.C., on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellant.

OPINION

**MOON, C.J.**—Appellant, Eric M. Mighty, appeals his conviction of distribution of cocaine, arguing that based upon Virginia's statutory scheme for jury selection, he was denied his right to a trial by twelve qualified jurors. Mighty claims that post-trial discovery, which revealed that two convicted felons served on his jury, required the trial court to set aside the verdict and grant him a new trial. We disagree and affirm his conviction because the record fails to show Mighty probably suffered prejudice or injustice.

Prior to Mighty's trial, twenty-three prospective jurors were sworn for voir dire examination. The trial judge questioned the prospective jurors to determine whether any of them should be struck for cause. After the trial judge completed his inquiry, Mighty's counsel was provided and waived the opportunity to question prospective jurors.

After preliminary instructions, counsel exercised their peremptory strikes. The jury panel was charged and sworn. The case was heard and the jury returned a guilty verdict. Prior to sentencing, the court *sua sponte* called counsel into court. The court explained that, after Mighty's trial, someone in the Clerk's office recognized the name of one of the jurors as being a convicted felon. In response to the question on the jury questionnaire, "Have you ever [been] convicted of a felony?" the juror had responded, "no."

After argument of counsel, in reliance upon Code § 8.01-352, the court found that because an objection had not been raised prior to the jury being sworn, prejudice or injustice must be shown. Therefore, it would not set aside the conviction.

The sentencing hearing was held on June 15, 1992 and the final order was entered on June 22, 1992. On July 6, 1992, the Clerk's office discovered that a second juror from the trial was a previously convicted felon. That juror had also responded, "no," to the question on the jury questionnaire concerning whether she had ever been convicted of a felony. Mighty's counsel filed a written motion to vacate the judgment, again raising the issue that Mighty had been denied his right to a trial by twelve qualified jurors.

The trial court held that under Code § 8.01-338,[1] a convicted felon is within one of three categories of persons disqualified from serving on a jury because of certain disabilities. The court held that any irregularity was waived unless it could be corrected pursuant to Code § 8.01-352.

■ We affirm Mighty's conviction because there is no evidence that the irregularity would "probably cause [Mighty] injustice." Code § 8.01-352(B). "The trial court's findings of fact on this issue are entitled to great weight, and we find them to be supported by the record." *Royal v. Commonwealth,* 2 Va. App. 59, 69, 341 S.E.2d 660, 665 (1986), *rev'd on other grounds,* 234 Va. 403, 362 S.E.2d 323 (1987). The exercise of the trial court's discretion will not be interfered with unless it appears that some injustice has been done. *Royal,* 2 Va. App. at 69, 341 S.E.2d at 666; *see also Allen v. Commonwealth,* 122 Va. 834, 845-46, 94 S.E. 783, 787 (1918); *Hite v. Commonwealth,* 96 Va. 489, 496, 31 S.E. 895, 897 (1898).

■ Code § 8.01-352 provides the mechanism for dealing with objections to irregularities in jury lists and to alleged legal disabilities of jurors. Subsection A states that prior to the jury being sworn, a party may object, without leave of court, to any juror on the basis of "any legal disability." It further provides that after the jury is sworn, as in this case, any such objection requires leave of court. *Id.*

Unless objection to such irregularity or disability is made pursuant to subsection A herein and unless it appears that the irregularity was intentional or that the irregularity or disability be such as to *probably cause injustice in a criminal case* to the Commonwealth or to the accused . . . then such irregularity or disability *shall not be cause* for summoning a new panel or juror or *for setting aside a verdict or granting a new trial.*

Code § 8.01-352(B) (emphasis added). By explicit statutory command, even if the trial court grants leave to object after the jury is sworn, a verdict in a criminal case is not to be set aside and a new trial

---

[1] Code § 8.01-338 provides, in pertinent part, as follows:
The following persons shall be disqualified from serving as jurors:
  1. Persons adjudicated mentally incompetent;
  2. Persons convicted of treason or a felony; or
  3. Any other person under a disability as defined in § 8.01-2 and not included in subdivisions 1 or 2 above.

ordered unless the legal disability was of such a nature "as to probably cause [the defendant] injustice." *Id.*

Here, there has been no showing of "probable injustice." Mighty asked no questions of the prospective jurors on voir dire, and the jury was sworn without objection. After Mighty was convicted, the felony status of the two jurors was discovered and he was given two separate opportunities to demonstrate the required prejudice. No evidence was presented to the court to suggest that the two jurors' legal disability as felons would "probably cause injustice" to Mighty. Therefore, we find no basis to set aside the verdict, vacate the judgment, or order a new trial.

█ Mighty's assertion that § 8.01-352 does not apply because felons are disqualified and do not merely possess a "legal disability" is incorrect. The Supreme Court of Virginia has expressly recognized that a prospective juror who has a felony conviction is a person with a "legal disability." *See Puryear v. Commonwealth,* 83 Va. 51, 57-58, 1 S.E. 512, 517 (1887).

Because the record does not reveal that as a matter of law the irregularity probably caused the defendant injustice, we affirm Mighty's conviction.

*Affirmed.*

Elder, J., and Duff, J.,* concurred.

---

*Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993, pursuant to Code §17-116.01:1.