COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:    Judges Elder, Humphreys and Huff
Argued at Chesapeake, Virginia


JAYQUANE D. PERRY

OPINION BY
v.        Record No. 2171-11-1                    JUDGE GLEN A. HUFF
MARCH 5, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge Designate

J. Barry McCracken, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Jayquane D. Perry ("appellant") appeals his conviction of possession of a firearm after

having been adjudicated delinquent of an act which would be a felony if committed by an adult,

in violation of Code § 18.2-308.2.  Following a jury trial in the Circuit Court of the City of

Norfolk ("trial court"), appellant was sentenced to five years in prison.  On appeal, appellant

contends that the trial court erred in 1) admitting into evidence an exhibit reflecting his

adjudicatory hearing in the Norfolk Juvenile and Domestic Relations District Court ("JDR

court") for a previous violation of Code § 18.2-308.2, when such document did not constitute an

adjudication of delinquency and thus had no tendency to prove guilt; and 2) denying the motions

to strike, when the evidence did not establish that he had a prior adjudication of delinquency and

that the instrument was a firearm.  For the following reasons, we affirm the trial court's

judgment.

## I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On October 2, 2010, police officers were dispatched to an apartment building in Norfolk after receiving a telephone call about narcotics usage and trespassing on those premises.  Officer John Thomas ("Thomas") and Officer Laura Mason ("Mason"), both with the Norfolk Police Department, parked outside of the building and approached the front door.  The door was standing open, and the officers "smelled the strong odor of burnt marijuana coming from the stairwell" inside.

As Thomas crossed the threshold of the building, he observed a man "standing in the middle of the doorway counting money," as well as several other individuals sitting on the stairs. Thomas "asked everybody to exit the stairwell," after which the individuals filed out of the building onto the sidewalk.  Once they had congregated outside, Thomas and Mason started to explain to them why they were investigating the area.  Before they could finish, Thomas observed one of the individuals, later identified as appellant, sprint away from the building area. Mason tried unsuccessfully to activate her taser on appellant as he ran by her.

As appellant crossed a nearby street, Thomas "saw a revolver, a firearm fall from the right side of his body from under the T-shirt . . . into the middle of the street."  Thomas also "heard the metal hit the asphalt," then moments later saw the revolver "spinning in the middle of the street."  Thomas later testified at appellant's jury trial that he had received special training in firearms and that the instrument in question was a Smith & Wesson revolver.  Thomas also

testified with regard to the general characteristics of revolvers. In particular, Thomas stated that "[a]t the time the trigger is pulled, the firing pin is going to hit the strike plate on the round which then sends the round out of the barrel by force."

Mason did not see the firearm fall from appellant's clothing, but heard "a loud clang" as appellant ran and observed a firearm spinning in the middle of the street. Mason recorded the location of the firearm, then secured the firearm and took it into police custody. As part of this process, Mason removed six rounds of ammunition from the loaded revolver.

Officer Christopher Doukas ("Doukas"), with the Norfolk Police Department, responded to the scene just as appellant started running away from the group of individuals assembled near Mason and Thomas. Doukas immediately began pursuing appellant. As appellant crossed the street, Doukas "heard a loud metal clank on the pavement," but he never saw any object on the street as he ran after appellant. Doukas took appellant into custody shortly thereafter.

In order to establish at trial that appellant had a prior adjudication of delinquency, the Commonwealth introduced as an exhibit a document showing appellant's adjudication in the JDR court for another violation of the same Code provision. The document was titled "order"; stated that the type of case was a felony violation of Code § 18.2-308.2(A) and that the type of hearing was an adjudicatory hearing; indicated that appellant had pleaded guilty and that the JDR court had found him guilty, as well as the judge's notation that "[h]e is a convicted felon"; ordered that appellant be remanded to "NDH" and that a social history be prepared; and was date-stamped and signed by the judge.

Appellant objected to the admission of the document into evidence on the basis that the document did not show a final conviction. Specifically, appellant argued that "in order to have it appropriately to the jury, it has to be evidence of finality. The documentation that they have in the exhibit [is] itself listed as adjudicatory, [whereas] I believe that there has to be something that

suggests disposition. Adjudicatory indicates there are a number [of] options." The trial court overruled the objection and admitted the exhibit into evidence, finding that it constituted a "final adjudication of guilt."

At the conclusion of all of the evidence, appellant made a motion to strike on the basis that the Commonwealth had not proved his prior adjudication of delinquency. Appellant also argued the evidence was insufficient to establish that he possessed the instrument or that the instrument was in fact a firearm, specifically alleging that Thomas's testimony was inadequate to establish this fact. The trial court denied the motion and convicted appellant of violating Code § 18.2-308.2. This appeal followed.

II. ANALYSIS

A. Admissibility of the Evidence of the Prior Adjudication of Delinquency

On appeal, appellant first contends that the trial court erred in admitting into evidence an exhibit reflecting his juvenile adjudication for a previous violation of Code § 18.2-308.2, as such exhibit was inadequate to prove his prior adjudication of delinquency. Specifically, appellant argues that the exhibit did "not constitute a final conviction order," but rather was "merely a record of an adjudicatory hearing establishing [his] plea and the [JDR court's] initial acceptance of that plea."

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Bell v. Commonwealth, 49 Va. App. 570, 576, 643 S.E.2d 497, 500 (2007) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). "This standard, if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005) (quoting Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 754 (1982)). "The

- 4 -

proponent of the evidence bears the burden of establishing[,] by a preponderance of the evidence, the facts necessary to support its admissibility." Id.

"'It is a fundamental principle of jurisprudence that evidence which is not relevant is not admissible.'" McMillan v. Commonwealth, 277 Va. 11, 22, 671 S.E.2d 396, 401 (2009) (quoting Davis v. Marshall Homes, 265 Va. 159, 166, 576 S.E.2d 504, 507 (2003)). "'Evidence is relevant if it tends to prove or disprove, or is pertinent to, matters in issue.'" Id. (quoting McCloud v. Commonwealth, 269 Va. 242, 257, 609 S.E.2d 16, 24 (2005)).

> "Evidence which has no tendency to prove guilt, but only serves to prejudice an accused, should be excluded on the ground of lack of relevancy. For evidence to be admissible it must relate and be confined to the matters in issue and tend to prove an offense or be pertinent thereto. Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence."

Id. (quoting Smith v. Commonwealth, 223 Va. 721, 723, 292 S.E.2d 362, 363 (1982)).

Appellant asserts that the only evidence relevant to prove a prior adjudication of delinquency is a final judgment order as defined by Code § 19.2-307. Such a judgment order "shall set forth the plea, the verdict or findings and the adjudication and sentence." Code § 19.2-307. The element of proof required by Code § 18.2-308.2(A)(iii), however, is an adjudication of delinquency "of a delinquent act which would be a felony if committed by an adult."[1]

---

[1] Code § 18.2-308.2(A) provides, in relevant part, that

> [i]t shall be unlawful for . . . (iii) any person under the age of 29 who was adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm . . . .

The evidence in this case was an exhibit that the Commonwealth asserted was an adjudication of delinquency under Code § 18.2-308.2(A)(iii). The document was titled "order," and described the proceeding as an adjudicatory hearing based on the felony charge of violating Code § 18.2-308.2(A). The document also established that appellant pleaded guilty to the charge and that the JDR court found appellant guilty following his plea of guilty. It further indicated that appellant should be remanded to the "NDH" and that a social history should be prepared. The document was date-stamped and signed by the JDR court judge and also provided that the matter was continued until a later date, ostensibly for the purpose of reaching a disposition at that time. Based on the foregoing, the document in question plainly evidenced an adjudication of delinquency under Code § 18.2-308.2(A)(iii), upon which a judgment of conviction was found.[2]

Based on this determination, it follows that the adjudication order was relevant to the matter of whether appellant had a prior adjudication of delinquency. The order in question indicated not only that appellant pleaded guilty to a felony charge, but also that the JDR court accepted his guilty plea. In sum, the order directly related to the charged offense and tended to prove that appellant had, in fact, satisfied the requisite element of a prior adjudication of delinquency. Accordingly, the trial court did not abuse its discretion in admitting the order into evidence.

---

[2] The Supreme Court stated in Palmer v. Commonwealth, 269 Va. 203, 609 S.E.2d 308 (2005), that Code § 19.2-307 requires judgment orders to "reflect, among other things, the plea of the defendant, the verdict or findings of the fact finder, and the adjudication *and sentence* of the court." Palmer, 269 Va. at 207, 609 S.E.2d at 310 (emphasis added). However, to the extent the Court in Palmer purported to impose this as a requirement for admissibility or sufficiency, it is dicta because in Palmer, the records reflected the sentence, and it was the adjudication that was missing. In the instant case, by contrast, the order reflects the adjudication but not the sentence.

B. Sufficiency of the Evidence to Prove the Prior Adjudication of Delinquency

Appellant also contends the evidence was insufficient to support his conviction on the basis that the Commonwealth neither proved the requisite prior adjudication of delinquency nor established that the instrument was a firearm within the meaning of Code § 18.2-308.2.

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Wood v. Commonwealth, 57 Va. App. 286, 296, 701 S.E.2d 810, 815 (2010) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). Under this standard, the relevant inquiry is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Moreover, "[t]here is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." Commonwealth v. Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785 (2003). "'While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Id. at 514, 578 S.E.2d at 786 (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)).

1. Prior Adjudication of Delinquency

First, appellant argues that the evidence is insufficient to sustain the conviction on the basis that the Commonwealth did not prove the prior adjudication of delinquency. Appellant relies on the same argument he made for the inadmissibility of the exhibit, namely that it "was not evidence of a final conviction since it did not reflect the final disposition of the case." Thus, appellant essentially limits his challenge on the sufficiency of the evidence to the argument that

the trial court relied on improperly admitted evidence to satisfy an essential element for conviction.

"When the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." Palmer, 269 Va. at 207, 609 S.E.2d at 310. "Prior convictions may be proved by any competent evidence." Perez v. Commonwealth, 274 Va. 724, 730, 652 S.E.2d 95, 98 (2007) (citing Palmer, 269 Va. at 207, 609 S.E.2d at 310; McBride v. Commonwealth, 24 Va. App. 30, 34, 480 S.E.2d 126, 128 (1997)). "[W]hen the Commonwealth seeks to prove a prior conviction as an element of a crime by presenting an order entered in that prior case, the order must show that a judgment of conviction was entered in adjudication of the charge." Palmer, 269 Va. at 207, 609 S.E.2d at 310.

As noted above, the document constituted an adjudication of delinquency under Code § 18.2-308.2(A)(iii) and was properly admitted into evidence. Although the disposition order itself was not admitted, the record does not indicate that appellant's conviction changed at any time following the adjudication hearing and finding of guilt.[3] Therefore, the trial court did not err in finding the evidence sufficient to prove appellant's prior adjudication of delinquency.

---

[3] Appellant argues that Code § 16.1-278.8(A)(5) permits the dismissal of charges after an adjudicatory hearing under certain conditions and that this fact, combined with the absence of a sentencing order, prevents a finding that appellant had a prior adjudication of delinquency. Code § 16.1-278.8(A)(5) does provide that a juvenile court may "defer disposition . . . for a specific period of time" based upon certain conditions and then dismiss the proceedings "[u]pon fulfillment of the terms and conditions." It specifically states, however, that the juvenile court may do so only "*[w]ithout* entering a judgment of guilty" and that "[d]ischarge and dismissal under these provisions shall be *without* adjudication of guilt." Code § 16.1-278.8(A)(5) (emphases added). Here, by contrast, the JDR court records make clear that an adjudication of guilt was made. Thus, the outcome put forth by appellant under this statute is not available in the present case.

## 2. Firearm

Second, appellant argues the evidence is insufficient to sustain his conviction on the basis that the Commonwealth did not prove the instrument was a firearm. Specifically, he contends that the evidence admitted at trial, in this case the instrument itself as well as the testimony of the responding officers, did not establish that the instrument satisfied the requirements of Code § 18.2-308.2.

"Code § 18.2-308.2 provides no express definition of the term 'firearm.'" Armstrong v. Commonwealth, 263 Va. 573, 583, 562 S.E.2d 139, 145 (2002). It is settled, however, that "in order to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion." Id. at 584, 562 S.E.2d at 145. "It is not necessary that the Commonwealth prove the instrument was 'operable,' 'capable' of being fired, or had the 'actual capacity to do serious harm.'" Id.

In considering the entire record in this case, the evidence was sufficient to prove that appellant possessed a firearm. Thomas testified that he had received training on firearms and that the instrument in question was a "Smith & Wesson revolver." Thomas stated that revolvers operate such that "[a]t the time the trigger is pulled, the firing pin is going to hit the strike plate on the round which then sends the round out of the barrel by force." Mason's testimony also indicated that the instrument was loaded in that she removed six rounds of ammunition when she retrieved the instrument from the street. Moreover, the firearm itself was admitted into evidence at trial, and thus was available for examination by the jury. For these reasons, a rational trier of fact could find beyond a reasonable doubt that the instrument was "designed, made, and intended

- 9 -

to expel a projectile by means of an explosion." Id. Thus, the trial court did not err in finding the evidence sufficient to sustain appellant's conviction under Code § 18.2-308.2.

## III. CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in admitting the evidence pertaining to appellant's juvenile adjudication for the purpose of establishing appellant's prior adjudication of delinquency. We also hold that the trial court did not err in finding the evidence sufficient to prove appellant's prior adjudication of delinquency and establish that the instrument in this case was a firearm. Accordingly, we affirm the trial court's judgment.

Affirmed.