COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, AtLee and Raphael
Argued at Norfolk, Virginia

PUBLISHED

SHAQUAWN DEMONTE WARREN

OPINION BY
v.        Record No. 0533-22-1                  JUDGE ROBERT J. HUMPHREYS
                                                MARCH 7, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

Kelsey Bulger, Senior Assistant Public Defender (Virginia Indigent
Defense Commission, on briefs), for appellant.

William K. Hamilton, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Shaquawn Demonte Warren appeals his conviction by a jury in the City of Chesapeake

Circuit Court of misdemeanor driving under the influence ("DUI"), in violation of Code

§ 18.2-266.  Warren argues on appeal that the circuit court erred in striking a potential juror for

cause, and in granting the Commonwealth's motion *in limine* which prevented Warren from

presenting a necessity defense.

BACKGROUND

Just after 1:00 a.m. on January 27, 2020, Virginia State Police Trooper Ryan Dougherty

was stationed at the top of the southbound Monitor-Merrimac Bridge-Tunnel when he observed a

vehicle traveling extremely fast compared to the other vehicles passing the same point.  Trooper

Dougherty drove his vehicle to catch up to the speeding vehicle, which he determined was

traveling 96 miles per hour in a 60 mile-per-hour zone.  Trooper Dougherty turned on his

emergency equipment to initiate a traffic stop, and the vehicle stopped abruptly.

Trooper Dougherty approached the vehicle and upon talking to Warren detected the strong odor of alcoholic beverage coming from his person. Warren had glassy eyes, and he was speaking very fast. "He was frantic." Warren told Trooper Dougherty that he was traveling to Portsmouth from Newport News because his cousin had been shot. Trooper Dougherty asked Warren to move to the rear of the vehicle so he could perform field sobriety tests. Warren exhibited multiple clues of impairment. Consequently, Trooper Dougherty placed Warren under arrest and called a relative of Warren's to retrieve his vehicle and firearm. Trooper Dougherty transported Warren to the Chesapeake City Jail where he used the intoxilyzer machine to perform a breath test. The test results showed Warren's blood alcohol content was 0.12. On August 13, 2020, the general district court found Warren guilty of driving under the influence of alcohol in violation of Code § 18.2-266. Warren appealed to the circuit court.

## I. Jury Selection

The parties appeared for trial on March 4, 2022. Warren pleaded not guilty and asked for a jury trial. At a bench conference prior to juror voir dire, counsel and the court conversed about the list of prospective jurors. Specifically, they discussed that the Virginia Criminal Information Network ("VCIN") records showed that prospective juror Andre Fields had been twice convicted of felony DUI, in 2004 and in 2006. This raised the question of whether Fields was qualified to serve as a juror under Code § 8.01-338. The VCIN did not indicate that Fields's rights had been restored, and the Commonwealth stated that typically the VCIN does indicate if one's rights are restored. Defense counsel asked that they voir dire Fields on the matter, rather than automatically remove him from the panel.

During voir dire of the jury pool Fields offered that he had been convicted of felony DUI. Upon individual voir dire defense counsel asked Fields if his rights had been restored in the Commonwealth of Virginia. Fields replied that they had been restored "[w]hen President Obama

ran the second time." Then he indicated that he was initially denied restoration of rights but "[a]fter the election, they approved it," and his rights were restored. Fields testified that he had not been called to serve on a jury since his rights were restored, but he had voted in local and federal elections without a problem. He said that Virginia's governor granted his restoration of rights, but he could not recall the name of the governor. Fields gave his full name and date of birth and said that he had never changed his name.

Defense counsel objected to the Commonwealth's motion to strike Fields for cause. He argued that he believed Fields was telling the truth about his rights restoration. He stressed that Fields would not have been able to vote if his rights were not restored. He also stated that he had known the VCIN to not reflect rights restoration in the past. The circuit court replied, "I think he's telling the truth. I think he may be a little confused, though. I'm not sure what happened, but he's talking about the president. It's clearly state court convictions." The circuit court judge checked the Governor's website for any record of his rights restoration, but Fields's name did not appear with his social security number and date of birth. The circuit court ultimately struck Fields for cause because based on the VCIN report and the testimony Fields did not meet the requirements of Code § 8.01-338. The court stated, "It does not appear that he is eligible under the statute to sit. Obviously, we're not trying this case as to whether he's, you know, telling us correctly or not, but what's in front of me right now, [in] my opinion, he's not eligible to serve on this jury."

## II. Motion *in limine*

After voir dire of the jury pool concluded, the Commonwealth brought a motion *in limine* to prevent Warren from eliciting testimony to prove the affirmative defense of necessity. The Commonwealth asserted, "it would be highly inappropriate, irrelevant, and not probative of any fact at issue with this DUI case." First, the Commonwealth argued at length that a necessity

defense is not applicable to a DUI charge because there is no mens rea requirement for DUI.

Second, the Commonwealth said that if the court finds the defense of necessity could be applied

to Code § 18.2-266, then the question becomes whether the evidence could satisfy the elements

of the necessity defense. The Commonwealth argued that Warren's evidence would not be

legally sufficient to meet the elements of a necessity defense.

Defense counsel argued that Virginia case law supports that a necessity defense is

available to a defendant charged with DUI. He emphasized that the remaining issues are issues

of fact and credibility for the jury to decide at trial. Defense counsel then submitted a proffer of

evidence for Warren's necessity defense:

> Mr. Warren, on this particular night in question, was just arriving at home in Newport News. He had been out with his cousin. He arrived home. He got into bed. He was falling asleep when he got a phone call from his cousin's girlfriend, who told him that the cousin he just dropped off at his grandmother's house, had been shot, and was dying of a wound in front of his grandmother's home. Mr. Warren got in his car and drove back to Portsmouth, because he had the belief—and we would be arguing a reasonable belief—that given the situation, given that there was an active shooting, it would take an ambulance quite a while to get to that scene to take his cousin to the hospital to receive medical treatment. A cousin, who later that evening, died from that gunshot wound.
>
> So we'd be arguing that Mr. Warren was on his way—it was the middle of the night. He was unaware of whether there were other family members awake. He was unaware of anything else going on that could have helped his cousin get medical help, but he knew that he had a vehicle. He had a license. He didn't believe that he was intoxicated, and he believed that getting there to help his cousin might have saved his life. As a result, Mr. Warren holds the belief that because he was prevented from getting there in time, that his cousin died, because the ambulance did not arrive fast enough to provide adequate medical care for a gunshot wound that was to the shoulder, but between the time of the gunshot and the arrival of the ambulance and medical services is such that his cousin passed away. So we'd be eliciting testimony from Mr. Warren, as well as his aunt, the aunt of this cousin, as well, that this cousin died, that this cousin had been shot, and that

Mr. Warren had a reasonable belief that he needed to get there to provide aid.

After a recess, the circuit court asked defense counsel if he wanted to add anything to his proffered evidence or bring anything else to the court's attention. Defense counsel replied that there was nothing else. The circuit court recited the elements of the necessity defense and found, "I don't think the proffered facts meet the threshold." The court granted the Commonwealth's motion *in limine*, adding, "based on the facts that were proffered, the issue becomes, among other things, relevance, in the sense that the elements to establish the necessity just haven't been proffered."

The case proceeded to trial before the jury. The Commonwealth presented its case through the testimony of Trooper Dougherty, whose testimony established the facts of January 27, 2020, as stated above. Warren then testified as the only witness for his case. The jury found Warren guilty of DUI, first offense. The circuit court sentenced Warren to nine months' incarceration, with nine months suspended, and a $1,000 fine, with $500 suspended. Warren filed a timely notice of appeal.

## ANALYSIS

### I. Striking Juror for Cause

Warren argues that the circuit court erred in striking prospective juror Fields for cause. "The striking of any individual potential juror for cause, however, is committed to the sound discretion of the trial court." *Townsend v. Commonwealth*, 270 Va. 325, 329 (2005). "As an appellate court, we must defer to a trial court's ruling on the issue of whether to retain or excuse a prospective juror for cause and that ruling will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." *Barrett v. Commonwealth*, 262 Va. 823, 826 (2001). "An abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013). "This

principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Id.* (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)).

Code § 8.01-338 provides that persons convicted of a felony shall be disqualified from serving as jurors.[1] However, Virginia's Constitution provides, "[t]he Governor shall have power to . . . remove political disabilities consequent upon conviction for offenses committed prior or subsequent to the adoption of this Constitution . . . ." Va. Const. art. V, § 12. The circuit court may excuse unqualified jurors on its own motion or upon a party's challenge, Rule 3A:14(b), and "a venireman must be excluded if the trial court entertains a reasonable doubt as to his qualifications," *Calhoun v. Commonwealth*, 226 Va. 256, 258 (1983).

Warren argues that the circuit court made an erroneous legal conclusion in striking Fields for cause, asserting that there was insufficient evidence to prove that Fields was statutorily disqualified under Code § 8.01-338. Warren argued that Fields's testimony that his rights were restored was credible and compelling. However, viewing the record in light most favorable to the Commonwealth, *Reeves v. Commonwealth*, 42 Va. App. 650, 660-61 (2004), the evidence showed that Fields was twice convicted of felony DUI. The VCIN record reflected these convictions and did not show that his rights had been restored. When the court accessed the Governor's website for any clarifying information on Fields's rights restoration, the website did not show records matching Fields's name, which he testified had never changed.

---

[1] The only Virginia case touching upon disqualification of jurors pursuant to Code § 8.01-338 is *Mighty v. Commonwealth*, 17 Va. App. 495 (1993). In that case, post-trial discovery revealed that two convicted felons served on the appellant's jury. *Id.* at 496. This Court affirmed the appellant's conviction because "[n]o evidence was presented to the [circuit] court to suggest that the two jurors' legal disability as felons would 'probably cause injustice' to Mighty," as required by Code § 8.01-352(B). *Id.* at 498. Our decision in *Mighty* was ultimately based on application of Code § 8.01-352, which does not apply in the present case. Thus, *Mighty* is inapposite here.

Warren points out that the circuit court affirmatively stated regarding Fields's testimony, "I think he's telling the truth." However, "we will not 'fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.'" *Groves v. Commonwealth*, 50 Va. App. 57, 62 (2007). After stating its initial observation regarding Fields's truthfulness, the circuit court continued to deliberate—the circuit court also stated that Fields "may be a little confused," and then, "I'm not sure what happened."

"Since the [circuit] court observes the venireman, its finding is entitled to great weight and will not be disturbed on appeal unless manifest error exists." *Calhoun*, 226 Va. at 258-59; *see also Juniper v. Commonwealth*, 271 Va. 362, 400 (2006) ("[T]he trial judge has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand." (quoting *Pope v. Commonwealth*, 234 Va. 114, 123-24 (1987), *cert. denied*, 485 U.S. 1015 (1988))). Fields's testimony was equivocal as he could not name the governor who he claimed restored his rights, nor the date when they were supposedly restored; he only referenced that his rights were restored after President Obama was elected the second time. The circuit court acknowledged that Fields was not trying to mislead the circuit court in his voir dire testimony and that Fields believed his rights were restored. However, the circuit court ultimately was not satisfied with the evidence before it to prove that Fields was qualified to serve as a juror according to Code § 8.01-338. The fact of Fields's two felony convictions coupled with the lack of clear evidence that his rights had been subsequently restored support the circuit court's "reasonable doubt as to [Fields's] qualifications" to serve as a juror. *Calhoun*, 226 Va. at 258. Consequently, we find no abuse of discretion in the circuit court's decision to strike Fields for cause.

II. Necessity Defense

The circuit court excluded evidence pertaining to Warren's proposed necessity defense based on "relevance, in the sense that the elements to establish the necessity just haven't been proffered." Warren argues on brief that he proffered sufficient facts to meet the elements of the defense. At oral argument, Warren argued that the law does not require him to proffer evidence on each element of the necessity defense to establish that the evidence is relevant and should go to the jury.

"Generally, we review a trial court's decision to admit or exclude evidence using an abuse of discretion standard and, on appeal, will not disturb a trial court's decision to admit evidence absent a finding of abuse of that discretion." *Avent v. Commonwealth*, 279 Va. 175, 197 (2010). "Applying this standard, 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" *Satterwhite v. Commonwealth*, 56 Va. App. 557, 563 (2010) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Coffman v. Commonwealth*, 67 Va. App. 163, 166-67 (2017) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008)).

"It is a fundamental principle of jurisprudence that evidence which is not relevant is not admissible." *Perry v. Commonwealth*, 61 Va. App. 502, 509 (2013) (quoting *McMillan v. Commonwealth*, 277 Va. 11, 22 (2009)). "'Relevant evidence' means evidence having any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." Va. R. Evid. 2:401. "For evidence to be admissible it must relate and be confined to the matters in issue and tend to prove an offense or be pertinent thereto." *McMillan*, 277 Va. at 22 (quoting *Smith v. Commonwealth*, 223 Va. 721, 723 (1982)). "While evidence may be relevant in that it tends to establish the proposition for which it was offered, in

order to be admissible, it must also be material," that is "tend[ing] to prove a matter that is properly at issue in the case." *Commonwealth v. Proffitt*, 292 Va. 626, 634-35 (2016) (quoting *Brugh v. Jones*, 265 Va. 136, 139 (2003)). "Indeed, this materiality requirement is built into Rule 2:401's language, which states that the evidence must be probative of a 'fact in issue.'" *Id.* "The proponent of the evidence bears the burden of establishing[,] by a preponderance of the evidence, the facts necessary to support its admissibility." *Perry*, 61 Va. App. at 509 (alteration in original) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). "The proponent also bears the burden of meeting other foundational requirements to the satisfaction of the trial judge and of opposing any objections raised regarding the admissibility of the evidence." *Creamer v. Commonwealth*, 64 Va. App. 185, 194 (2015) (holding that the circuit court did not err in excluding a witness's testimony because appellant's proffer of the testimony at trial failed to establish its relevance); *see also Jones v. Commonwealth*, 71 Va. App. 70, 88-89 (2019) (holding that appellant "never laid a sufficient foundation for self-defense," rendering moot his argument that the circuit court erred by excluding proffered evidence of the victim's statements and prior bad acts offered to prove self-defense).

A. Necessity Defense Challenged at Motion *in limine*

In the circuit court, the Commonwealth raised a pre-trial motion to object to Warren's presentation of evidence to establish a necessity defense. Rule 3A:9(b)(2) provides that "any defense or objection that is capable of determination without the trial of the general issue may be raised by motion before trial." "A motion before trial raising defenses or objections must be determined before the trial unless the court orders that it be deferred for determination at the trial of the general issue." Rule 3A:9(b)(4). Thus, motions *in limine* are often used in Virginia courts for the Commonwealth to object to evidence that a defendant may seek to introduce as part of his

defense. *See, e.g.*, *Long v. Commonwealth*, 23 Va. App. 537, 541 (1996) (affirming circuit court ruling at motion *in limine* that necessity defense was not available because it was abrogated by the habitual offender statute and refusal to admit evidence relating to the defense was not error). Virginia's criminal procedure does not *require* a defendant to make a prima facie showing of a necessity defense to present evidence of the defense to the jury, as is the requirement to present evidence of an affirmative defense of insanity. *See Morgan v. Commonwealth*, 50 Va. App. 120, 126 (2007) ("To present evidence of insanity to the fact finder, an accused must first make a prima facie showing that his evidence meets the requirements of the affirmative defense." (citing *White v. Commonwealth*, 272 Va. 619, 629 (2006))). To be sure, "[w]hether duress [or necessity] is established is a factual issue that is usually determined by the jury, and the trial court rarely rules on the defense as a matter of law." Ronald J. Bacigal & Corinna Barrett Lain, *Virginia Practice Series*, Va. Prac. Criminal Procedure § 17:33 Defenses—Duress and necessity (2022-2023 ed.). "However, where there is insufficient evidence, as a matter of law, to support an element of the affirmative defense, the defendant can be precluded from presenting any evidence of duress [or necessity] to the jury . . . ." *Id.* (quoting *United States v. Sarno*, 24 F.3d 618, 621 (4th Cir. 1994)).

In *United States v. Bailey*, 444 U.S. 394 (1980), the United States Supreme Court reversed the judgment of the Court of Appeals, 585 F.2d 1087 (D.C. Cir. 1978), and held that respondents failed to present sufficient evidence of duress or necessity to submit the defense evidence to the jury. 444 U.S. at 417. In respondent Cogdell's trial, which was severed from and tried after the other three respondents' trial, Cogdell was precluded from presenting his evidence of duress or necessity to the jury because the district court found he lacked evidence on one element of his defense (namely, that he attempted to surrender to authorities after the alleged necessity ended). *Id.* at 399-400. The Supreme Court concluded that its holding was not in

derogation of the jury as the judge of credibility. *Id.* at 416. Rather, "it is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses." *Id.* "If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense." *Id.*; *see also United States v. Portillo-Vega*, 478 F.3d 1194, 1197, 1201-02 (10th Cir. 2007) (following *Bailey* in affirming that district court properly exercised its "gate-keeping responsibilities" by precluding appellant's duress defense when his pre-trial proffer was insufficient to carry his burden on all the elements of the defense); *Sarno*, 24 F.3d at 622 ("The district court, having correctly determined that Sarno's evidence could not support the element of timely surrender, properly excluded any testimony at trial as to the duress defense."); *United States v. Montgomery*, 772 F.2d 733, 736 (11th Cir. 1985) (affirming district court's judgment in excluding evidence offered to establish the affirmative defense of necessity, finding proffer on lack of alternatives insufficient); *United States v. Dorrell*, 758 F.2d 427, 430, 434 (9th Cir. 1985) (affirming district court's decision to reject the necessity defense and evidence offered in support during motion *in limine* because offer of proof was insufficient as a matter of law to support the defense). These cases align with "[t]he accepted theory of jury trial," which "requires that there be submitted to the jury only matters in dispute as to which reasonable men could differ, and that in resolving the dispute the jury shall hear only legal evidence." Edmund M. Morgan, *Functions of Judge and Jury in the Determination of Preliminary Questions of Fact*, 43 Harv. L. Rev. 165, 186 (Dec. 1929). Thus, the circuit court did not err in requiring Warren to lay a foundation for the testimony he intended to present to the jury by proffering evidence on each element of the

necessity defense at the motion *in limine*.[2]  The question then becomes whether Warren's proffered evidence supported a necessity defense.

### B.  Applying the Proffered Evidence to the Necessity Defense Elements

When we review a circuit court's refusal to give a proffered jury instruction, "the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant."  *Byers v. Commonwealth*, 37 Va. App. 174, 182 (2001) (quoting *Seegars v. Commonwealth*, 18 Va. App. 641, 643 (1994)).  Given the procedural posture of this case, we are not addressing the circuit court's refusal to give a jury instruction; however, we likewise "are concerned with [appellant's] version of the events surrounding the crime[] and not a determination of its truthfulness."  *Arnold v. Commonwealth*, 37 Va. App. 781, 787 (2002) (alterations in original); *see also Portillo-Vega*, 478 F.3d at 1197 (viewing evidence favorable to the defendant when reviewing district court's decision precluding duress defense upon government's motion *in limine*).

We note that in ruling upon the admissibility of the evidence, the circuit court may not weigh the credibility of the witnesses or the weight to be given their testimony, as these are "questions exclusively within the province of a jury."  *Barker v. Commonwealth*, 230 Va. 370, 373 (1985).

> But precisely because a defendant is entitled to have the credibility of his testimony, or that of witnesses called on his behalf, judged by the jury, it is essential that the testimony given or proffered meet a minimum standard as to each element of the defense so

---

[2] "As to evidence excluded, Virginia's Rules of Evidence require that the proponent 'ma[k]e known' 'the substance of the evidence . . . to the court by proffer.'"  *Creamer*, 64 Va. App. at 195 (alterations in original) (quoting Va. R. Evid. 2:103(a)(2)).  "'[M]any trial issues are resolved with proffered evidence, . . . [and] counsel and the trial court must ensure [that such] proffers contain all of the information necessary' to achieve two purposes: to allow the trial court a fair opportunity 'to resolve the issue at trial' and 'to provide a sufficient record for . . . review [on appeal].'"  *Id.* (alterations in original) (quoting *Albert v. Albert*, 38 Va. App. 284, 290 n.1 (2002)).

> that, if a jury finds it to be true, it would support an affirmative defense—here that of duress or necessity.

*Bailey*, 444 U.S. at 415.

"The defense of necessity traditionally addresses the dilemma created when physical forces beyond the actor's control render 'illegal conduct the lesser of two evils.'" *Buckley v. City of Falls Church*, 7 Va. App. 32, 33 (1988) (quoting *Bailey*, 444 U.S. at 410). The rationale of the defense is that "for reasons of social policy, it is better that the defendant, faced with a choice of evils, choose to do the lesser evil (violate the criminal law) in order to avoid the greater evil" threatened by the imminent harm. *Sam v. Commonwealth*, 13 Va. App. 312, 323 (1991) (quoting 1 W. LaFave & A. Scott, *Substantive Criminal Law* 614 (1986)) (discussing rationale of the defense of duress).

> The essential elements of this defense include: (1) a reasonable belief that the action was necessary to avoid an imminent threatened harm; (2) a lack of other adequate means to avoid the threatened harm; and (3) a direct causal relationship that may be reasonably anticipated between the action taken and the avoidance of the harm.

*Buckley*, 7 Va. App. at 33 (citing *United States v. Cassidy*, 616 F.2d 101, 102 (4th Cir. 1979)). "One principle remains constant in modern cases considering the defense of necessity: if there is 'a reasonable, legal alternative to violating the law, "a chance both to refuse to do the criminal act and also to avoid the threatened harm,"' the defense is not available." *Id.* at 34 (quoting *Bailey*, 444 U.S. at 410).[3]

Assuming without deciding that Warren's proffered evidence supports the first and third elements, the necessity defense fails because Warren proffered no evidence to support the second element: a lack of other adequate means to avoid the threatened harm. *See Sam*, 13 Va. App. at

---

[3] There is no distinction "between a threat of harm directed against the defendant and a threat of harm against members of the defendant's family." *Sam*, 13 Va. App. at 323.

327 (holding "jury could not have reasonably found" that appellant "reasonably believed his participation in the crime was the *only* reasonable opportunity he had to prevent his family from being harmed"). At best, Warren proffered that he thought it would take an ambulance a long time to get to his cousin. Taking this statement as true, there is still no evidence that reasonable and legal alternatives were unavailable to Warren. "[W]here admissibility is challenged, the litigant must provide a proffer that is *sufficiently detailed* to give the trial judge a fair opportunity to resolve the issue correctly and contemporaneously." *Creamer*, 64 Va. App. at 199 n.7 (emphasis added). Warren did not proffer any evidence that he called 911 or anyone else to help his cousin and found them unavailable. *See Edmond v. Commonwealth*, 292 Va. 301, 308 (2016) (noting Court of Appeals's consideration that appellant claiming duress defense could have called the police instead of taking possession of the firearm); *Waller v. Commonwealth*, 52 Va. App. 571, 578 (2008) (finding appellant did not lack other adequate means to avoid the threatened harm because he did not call the police, among other considerations), *rev'd on other grounds*, 278 Va. 731 (2009); *United States v. Gant*, 691 F.2d 1159, 1164 (5th Cir. 1982) ("The most obvious legal remedy that Gant failed to pursue was simply to call the police."). Furthermore, he did not proffer that he called other family members to help his cousin; nor that he attempted to get someone else to drive him to his cousin to avoid his driving under the influence. "That these other alternatives may have been thought by [Warren] to be less effective or less efficient does not justify criminal action to accomplish [his] purposes." *Buckley*, 7 Va. App. at 34-35. We are sympathetic to Warren's desire to be with his fatally wounded cousin. Nevertheless, his claimed unawareness of other adequate means to get aid to his cousin does not satisfy the requirement that no other adequate means were available to aid his cousin.[4]

---

[4] Warren asserted at oral argument that the circuit court's rationale for finding the evidence not relevant was that the proffered testimony was not credible. After reviewing the

- 14 -

We conclude that the circuit court did not abuse its discretion by excluding Warren's proffered evidence because it lacked relevance. His evidence was only relevant to the necessity defense, and such evidence became immaterial to the case when he failed to proffer minimal evidence as to each element of the defense.[5] *See, e.g.*, *Claytor v. Commonwealth*, 62 Va. App. 644, 656 (2013) ("Because Claytor's affirmative defense is without legal basis, the trial court did not err in granting the Commonwealth's motion to suppress evidence related solely to that affirmative defense.").

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed*.

---

record, we do not find that the circuit court weighed the credibility of Warren's proffered testimony when it found "the elements to establish the necessity just haven't been proffered." We note that the circuit court, before making this finding, asked defense counsel twice if there was more evidence he could proffer to establish his necessity defense. Defense counsel had nothing more to offer, stating, "Everything that we could get in, I think, through testimony has been mentioned on the record."

[5] The Commonwealth argued at its motion *in limine* that a necessity defense cannot apply to a charge of DUI, because "there is no mens rea requirement for DUI." Warren replied that the necessity defense is available to a DUI charge because in the DUI statute, Code § 18.2-266, there is no language abrogating the common law defense of necessity, citing *Humphrey v. Commonwealth*, 37 Va. App. 36, 45 (2001), and *Long*, 23 Va. App. at 544. The circuit court specifically declined to address the legal question of whether the necessity defense is available to a DUI charge.

On appeal, the Commonwealth did not brief this issue, relying instead on its argument that Warren's proffered evidence failed to support a necessity defense. Warren maintains that the necessity defense may apply to Code § 18.2-266. Because we find that the circuit court did not abuse its discretion in excluding Warren's proffered evidence on the grounds that it did not satisfy the elements of the necessity defense, we need not decide whether the circuit court erred in not addressing the legal question of whether a necessity defense may apply to a DUI charge. *See Commonwealth v. White*, 293 Va. 411, 419 (2017) (deciding case on the "best and narrowest grounds available").